May Term, 1859.

HUMPHRIES
v.
THE ADMINISTRATORS OF
MARSHALL.

---

HUMPHRIES *v.* THE ADMINISTRATORS OF MARSHALL.

Suit against an administrator upon a promissory note purporting to have been made by his decedent. Answer, *non est factum*. There was conflicting evidence as to the handwriting of the deceased. Verdict and judgment for the defendant. In support of a motion for a new trial on the ground of newly discovered evidence, the plaintiff filed an affidavit setting forth "that, on the morning after the trial, he was for the first time informed that a certain *B.* knew something about the claim that he had upon the estate of *M.*, deceased, and upon a note that was before the Court for investigation on yesterday; that he was this morning informed that Mrs. *B.* knew something of the matter in issue that was material, and forthwith procured her affidavit; that he can have the evidence of Mrs. *B.* if he can have a new trial; that she lives in the city of *Madison*, and he can have her evidence, and if he had known, or had the means of knowing it, he would have had her testimony when the cause was tried; that his claim is just, and that said *M.* made said note, is absolutely true, and were he alive no objection would ever have been made; that he wishes a new trial for justice only." The affidavit of Mrs. *B.* sets forth "that in the month of *January*, 1853, she was in the store of the plaintiff in *Madison*, and *M.*, since deceased, came in, and a talk commenced about a certain note that *H.* held against *M.*, and *M.* made a payment upon the note in her presence; that she heard the amount named that he paid; but is not certain what the amount was, but it was between 20 dollars and 40 dollars, or thereabouts; that she saw it counted and laid in two piles, the small bills were put together in one pile, and the larger bills in another; that the money was all bank bills; that she saw the note, and heard *H.* read to *M.* payments made upon the note as marked upon it; that some

VOL. XII.—39

May Term,
1859.

HUMPHRIES
v.
THE ADMIN-
ISTRATORS OF
MARSHALL.

of the payments were made by other persons than *M.;* that one of the payments was made by *H.,* one by *P.,* one by *J.,* and another by *H.* She well recollects that *M.* said he would pay the balance of the note between that time and the spring; that she was waiting there to buy some goods, and had to wait until they got through. She does not recollect that she heard the amount of the note exactly; but from all she heard, she thinks it was a considerable amount."

*Held,* 1. That the facts sworn to by Mrs. *B.* identified the note, and, in the state of the evidence, might have changed the result.

2. That the lateness of the discovery of the evidence was not owing to a want of diligence.

3. That the evidence would not have been merely cumulative.

4. That written reasons for a new trial are sufficient, if they, with reasonable certainty, apprise the Court and the opposite party of the ground upon which the new trial is asked. The language of the statute need not be followed.

APPEAL from the *Jefferson* Court of Common Pleas.

WORDEN, J.—The appellant filed, in the Common Pleas Court, his claim against the estate of *Joseph G. Marshall,* deceased, consisting of a note purporting to have been executed by the decedent to the appellant for the sum of 365 dollars, dated at *Madison, May* 15, 1847, and payable one year from date. On the note were indorsed credits of payment, as follows, viz:

"*January* 5, 1853.  By cash on within note, Cr. . . . $20 00
*June* 10, 1848.  Note on Dr. *Hodge*. . . . . . . . . . . . 19 89
*June* 10, 1848.  Note on *J. C. Patton*.... . . . . . . . . . 12 50
*June* 10, 1848.  Note on *S. C. Hoyt*.. . . . . . . . . . . 60 00
*May* 9, 1850.  Note on *Joyce*.,. . . . . . . . . . . . . . . . . 8 44
*May* 9, 1850.  Note on *J. C. Patton*.. . . . . . . . . . . . 29 13
*May* 9, 1850.  Note on *Jas. C. Leavitt*.. . . . . . . . . . 13 69
*January* 15, 1853.  Cash and fee. . . . . . . . . . . . . . . 23 00
                                                            —————
                                                            $166 65"

The claim was properly sworn to by the appellant.

The administrators of *Marshall* appeared and filed an answer denying the execution of the note by the decedent, which was verified. Replication that the decedent did execute the note.

The issue thus formed was tried by a jury, who returned a verdict for the defendants. A motion for a new trial,

made by the plaintiff, was overruled, and judgment entered on the verdict.

May Term,
1859.

HUMPHRIES
v.
THE ADMIN-
ISTRATORS OF
MARSHALL.

The reasons filed for a new trial were, that the verdict was contrary to law and evidence; alleged error in instructions to the jury; and newly discovered testimony.

It appears, by a bill of exceptions, that on the trial, the plaintiff offered and gave in evidence the note in question, and proved by sundry witnesses, who were acquainted with the handwriting of the decedent, that the signature to the note in question was, in their opinion, in the handwriting of the decedent. The defendants thereupon called sundry witnesses acquainted with the handwriting of the decedent, who deposed that, in their opinion, the signature to the note in question was not in the handwriting of the decedent. This was all the evidence given in the cause.

The plaintiff asked that certain papers, containing the signature of the decedent, go to the jury, for the purpose of instituting a comparison of handwriting; but the Court ruled against him. The point, we think, is not legitimately before us, as this was not made a ground of the motion for a new trial; hence we shall not discuss the correctness of the ruling.

In support of the motion for a new trial, on the ground of newly discovered evidence, the plaintiff filed an affidavit, setting forth that on the morning after the trial, he was, for the first time, informed that a certain *Eliza Bethrick* knew something about the claim that he had upon the estate of *Joseph G. Marshall*, deceased, and upon a note that was before the Court for investigation on yesterday; that he was this morning informed that Mrs. *Bethrick* knew something of the matter in issue that was material, and forthwith procured her affidavit; that he can have the evidence of Mrs. *Bethrick* if he can have a new trial; that she lives in the city of *Madison*, and he can have her evidence, and if he had known, or had the means of knowing it, he would have had her testimony when the cause was tried; that his claim is just, and that said *Marshall* made said note is absolutely true, and were he alive no objection

May Term,
1859.

HUMPHRIES
v.
THE ADMIN-
ISTRATORS OF
MARSHALL.

would ever have been made; that he wishes a new trial for justice only.

The affidavit of Mrs. *Bethrick* sets forth that in the month of *January*, 1853, she was in the store of the plaintiff in *Madison*, and *Joseph G. Marshall*, since deceased, came in, and a talk commenced about a certain note that *Humphries* held against *Marshall*, and *Marshall* made a payment upon the note in her presence; that she heard the amount named that he paid, but is not certain what the amount was, but it was between 20 dollars and 40 dollars, or thereabouts; that she saw it counted and laid in two piles, the small bills were put together in one pile, and the larger bills in another; that the money was all bank bills; that she saw the note, and heard *Humphries* read to *Marshall* payments made upon the note, as marked upon it; that some of the payments were made by other persons than *Marshall;* that one of the payments was made by *Hodges*, one by *Patton*, one by *Joyce*, and another by *Hoyt*. She well recollects that *Marshall* said he would pay the balance of the note between that time and the spring; that she was waiting there to buy some goods, and had to wait until they got through. She does not recollect that she heard the amount of the note exactly, but from all she heard she thinks it was a considerable amount.

The facts sworn to by Mrs. *Bethrick*, seem to identify the note in controversy; and, in the state of the evidence presented by the record, we think her testimony would most likely have changed the result. See *Bronson* v. *Hickman*, 10 Ind. R. 3. We are of opinion that the lateness of the discovery of the evidence, was not owing to a want of diligence on the part of the plaintiff. It is urged on behalf of the appellees, that it does not appear that the plaintiff had made any search or inquiry for this or similar evidence; and, also, that he must have known of the existence of this evidence, as the facts sworn to by the proposed witness, transpired, if at all, in the presence of the plaintiff. We think it not reasonable to suppose that the plaintiff would be likely to remember whether any one, or who, if any one, was in his store at the time of the transaction

alluded to, particularly after the lapse of so long a time; and, in our opinion, reasonable diligence did not require him to institute general inquiries to ascertain whether some one of the numerous persons that may have been in the habit of buying goods at the store, might not have happened to be present, and to overhear the conversation.

May Term,
1859.

Humphries
v.
The Admin-
istrators of
Marshall.

It is insisted that the evidence is but cumulative, and therefore, that the motion was properly overruled.

The only evidence given was the opinion of the witnesses as to the handwriting of the deceased. That proposed by the newly discovered witness involves no opinion whatever, but shows an admission by the deceased, by his action and conduct, of the making of the note. The evidence all tends to the same point, viz., the making of the note by the deceased, but it is totally different in kind. In 1 Greenl. Ev., § 2, it is laid down that "Cumulative evidence is of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of a party, evidence of another verbal admission of the same fact is cumulative; but evidence of other circumstances tending to establish the fact, is not."

This exposition we deem correct, and tested by this rule, the evidence was not cumulative merely; and, therefore, the case does not come within the rule established by numerous cases in this Court, that a new trial will not be granted on the ground of newly discovered evidence which is merely cumulative to that given on the trial.

Another objection, somewhat technical in its character, is made, which is, that the reason for a new trial on this ground, as assigned in writing, is wholly insufficient, being merely "newly discovered evidence."

It is insisted that the written reason, in order to be valid, should set out fully that the application was made on the ground of "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced on the trial," in the language of the statute providing for a new trial in such cases.

We are of opinion, however, that such strictness is not in harmony with the general spirit of the code, and that in

May Term,
1859.

many instances it would have a tendency to defeat rather than subserve the ends of justice. The reasons filed for a new trial are sufficient, if they, with reasonable certainty, apprise the Court and the opposite party of the ground upon which the new trial was asked. This, we think, was done in the present case. The written reasons were abundantly sufficient to inform the defendants that a new trial was asked on the ground, amongst other things, of "newly discovered evidence," and under the application thus made, the plaintiff was entitled to make such a showing as, by the law of the land, would entitle him to a new trial. This, we think, he did; hence, a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*S. C. Stevens*, for the appellant.

*J. Y. Allison*, *W. M. Dunn*, and *J. W. Hendricks*, for the appellees.