## ZOUKER *v.* WIEST.

NEW TRIAL.—*Newly-Discovered Evidence.*—The discovery of new evidence which is merely cumulative is not a good cause for a new trial.

CUMULATIVE EVIDENCE.—*Definition.*—Cumulative evidence is evidence of the same kind and to the same point as that already or previously given.

APPEAL from the DeKalb Circuit Court.

DOWNEY, J.—This is a complaint by the appellant against the appellee, under section 356, 2 G. & H. 215, for a new trial.

There was a demurrer to the complaint, which was sustained by the court, and final judgment rendered for the defendant. The sustaining of the demurrer is the error assigned. The complaint is sworn to by the plaintiff. It sets up as a cause for a new trial the discovery of new and material evidence after the former trial, and is accompanied by the affidavits of the newly-discovered witnesses. We are not furnished with any brief from the appellee, and do not therefore know what the objection urged in the circuit court to the complaint was. The newly-discovered evidence is evidence to prove admissions made by the appellee relating to the

matter in difference between the parties. If the ground of objectioñ to the complaint was that the new evidence was only cumulative, we think the objection was well taken. The appellant, himself, according to the complaint, testifies to admissions made by the appellee, as to the amount which he had paid on the contract, and this is the point to which the newly-discovered evidence relates. The discovery of new evidence which is merely cumulative, is not a good cause for a new trial. *Fox* v. *Reynolds,* 24 Ind. 46. There are many more cases to the same effect.

Cumulative evidence is evidence of the same kind, and to the same point, as that already or previously given in the cause. 1 Greenl. Ev. 4, sec. 2.

We think it doubtful, at least, whether there is such surprise shown on account of the testimony of the appellee on the trial, as would justify the granting of a new trial in order to admit newly-discovered evidence in opposition to his statements. As it appears that payments had been made on the contract, it would seem but reasonable that the appellant should have anticipated evidence on that subject, and been prepared to meet it. The showing in the complaint of diligence in getting or attempting to get evidence on the point is not very satisfactory. There would scarcely be any end to litigation, if parties were not held to a reasonably strict rule with reference to the preparation of causes and the production of the evidence at the trial. We can not say that there was any error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*J. J. Best* and *C. A. O. McClellan,* for appellant.

*J. Morris,* for appellee.