Humphreys *v.* Klick *et al.*

---

## HUMPHREYS *v.* KLICK ET AL.

NEW TRIAL.—*Newly-Discovered Evidence.*—An application for a new trial on the ground of evidence discovered since the term at which the action was tried will not be granted, where the newly-discovered evidence is of the same kind given on the trial, and merely cumulative; or where such evidence is of facts not recollected by the party when testifying on the trial; or where such evidence could not change the result; but it should be granted where the newly-discovered evidence, although corroborative of evidence given on the trial, consists of admissions of the adverse party.

SAME.—*Demurrer.*—*Bill of Exceptions.*—In an application for a new trial on the ground of evidence discovered after the term at which the trial was had, a demurrer to the complaint admits the original evidence and that newly-discovered to be as stated in the complaint, and no bill of exceptions is necessary to show what the evidence on the trial was.

From the Kosciusko Circuit Court.

*C. Clemens,* for appellant.

*W. S. Marshall* and *J. H. Carpenter,* for appellee.

WORDEN, J.—Complaint by the appellant against the appellees, for a new trial. Demurrer to the complaint for want of sufficient facts sustained, and judgment for the defendants. The assignment of errors brings in review the correctness of the ruling on the demurrer.

The case in which a new trial was asked was this: Klick placed a note in the hands of the appellant herein for collection, and took from him a receipt therefor, as follows:

"PIERCETON, INDIANA, May 4th, 1867.

" Received of Philip Klick one note on John Quine for collection—two hundred and ninety-two dollars—with twenty-two dollars and forty cents credit.

(Signed.)                     " C. C. HUMPHREYS, Attorney."

Afterward, Klick sued Humphreys in the court of common pleas of said county for negligence in failing to use proper diligence in the collection of the note, when it could have been collected ; whereby the plaintiff was damaged.

Issues were made up, and the cause was tried by the court, resulting in a finding and judgment for the plaintiff in that action for the sum of one hundred and seventy-seven dollars and costs.   This action was brought to obtain a new trial in that, on the ground of evidence discovered by the plaintiff in this cause since the term at which that was tried.

It appears by the complaint herein, that on the trial of the original action evidence was given that Humphreys received the note for collection, as specified in the receipt ; that Quine had property out of which the debt could have been made, but that Humphreys made no effort to collect the same, but suffered Quine to move away without collecting the claim.   It was testified to also by Klick, that the sum of one hundred and seventy-seven dollars remained unpaid on the note.   On that trial, Humphreys also  testified as a witness, stating, amongst other things, that Quine was in failing circumstances, and was a greater portion of his time in Toledo, Ohio, and that when Klick gave him the note he told him not to sue on it, but to see Quine, when he came out from Ohio, and ask him for it (the money), saying that he did not want to make any costs upon it against Quine.   Klick, however, testified that he did not give Humphreys any instructions about the collection of the note ; that he took the receipt from him, and did not give him any instructions not to collect the note.

Humphreys offered other evidence  tending  to  show that Quine was insolvent, and that the money could not have been collected from him.

A portion of the evidence alleged  to have been  newly-dis-

covered was the same in kind with that given on the trial of the former action to establish the insolvency of Quine, and was merely cumulative. This part of the case need not, therefore, be further considered, as where the newly-discovered evidence is merely cumulative, a new trial will not be granted on account of such newly-discovered evidence. This point has been so often decided that reference to authority can hardly be deemed necessary.

It is alleged in the complaint, in substance and as one of the grounds upon which a new trial is asked, that at the time of the former trial Klick had the note in his possession, but the plaintiff herein then had no recollection of the manner in which he, Klick, became repossessed thereof. But he since recollects, and now avers, that he returned the note to Klick, as he had no hopes of being able to collect it, and that Klick agreed to destroy or cancel the receipt; that he did not testify to this fact on the trial, for the reason that he then had no recollection of it. This can hardly be regarded as a good ground for a new trial.

In the case of *Bond* v. *Cutler*, 7 Mass. 205, 207, the court said: "A want of recollection of a fact, which by due attention might have been remembered, cannot be a reasonable ground for granting a new trial. For a want of recollection may always be pretended, and may be hard to be disproved."

Another point in relation to which evidence is alleged to have been newly-discovered is this, that Klick collected one hundred dollars on the note from Quine, without the knowledge of the plaintiff in this action. We think, however, that the plaintiff herein must have had credit for this hundred dollars in the original action. The note was for two hundred and ninety-two dollars, with a credit upon it of twenty-two dollars, rejecting cents, thus leaving on the note two hundred and seventy dollars, saying nothing of interest. Deducting the one hundred dollars from the note, and adding seven dollars for interest, and we have the sum found by the court. We do not know that this was the process by which the court arrived at the amount, but the inference from the amount

found is, that Humphreys had credit for the hundred dollars alleged to have been collected by Klick. Klick, it will be remembered, testified that there was one hundred and seventy-seven dollars due on the note.

What we have said disposes of all the grounds, we believe, on which a new trial was sought except one, which remains to be considered.

The plaintiff avers, in substance, that, although he made diligent search and inquiry for all evidence that might be of any benefit to him on the original trial, he did not discover what he can prove by Quine, the maker of the note, nor did Quine communicate to him the facts until after the term at which the cause was tried ; that he can prove by Quine "that said Klick often told the said Quine that the plaintiff was not to sue on the said note, and that the same was left with this plaintiff for the convenience of Quine." Quine's affidavit was produced, in which he states, amongst other things, as follows: "While I was still residing in the town of Pierceton, in the State of Indiana, Mr. Klick informed me that he had left the said note or due-bill with Mr. Humphreys, but had not authorized him to sue on the same, and did not intend to sue upon it himself, but had left it with Mr. Humphreys for my convenience merely, and that said Klick frequently called upon me during the years 1867 and 1868, and while I was still residing in said town of Pierceton, in the State of Indiana, and demanded payment of the note."

This evidence is strongly corroborative of that of Humphreys on the trial of the original cause, in which he states, that when Klick gave him the note he told him not to sue upon it, but to see Quine and ask him for the money, saying that he did not want to make any costs upon it against Quine. It is very clear that if Humphreys was instructed by Klick not to sue, he should not be held liable for not suing. Nor can we say that if the newly-discovered evidence had been given, it would not probably have changed the result. Diligence is sufficiently shown. The evidence, although directed to the same point as that of Humphreys on the former trial, in

respect to the point that he was not to sue on the note, is altogether different in kind. It is, therefore, not cumulative merely. *Humphries* v. *The Administrators, etc.*, 12 Ind. 609.

The admissions of a party of a given fact are not cumulative of other evidence tending to prove the same fact. See 3 Graham & W. New Trials, 1048, *et seq.*; *Zouker* v. *Wiest,* 42 Ind. 169.

It is objected by the appellees, that the evidence on the original trial is not set out in any bill of exceptions, and that the complaint herein does not set it all out. But it is unnecessary, for the purposes of this case, that it should have been set out in a bill of exceptions; and, on demurrer, we must take the original .evidence to have been such as is alleged in the complaint herein.

The demurrer admits the original evidence and that newly-discovered to be as stated. *Sanders* v. *Loy,* 45 Ind. 229.

According to the averments of the complaint, there was one item of the newly-discovered evidence, that in relation to the admissions of Klick that Humphreys was not to sue on the note, that entitled the plaintiff herein to a new trial.

The court below, therefore, erred in sustaining the demurrer to the complaint.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.