## RAINS *v.* BALLOW.

PRACTICE.—*Evidence.—Ground of Objection to.*—On appeal, no question is presented to the supreme court as to the correctness of the action of the court below in admitting certain evidence on the trial of the cause, over the objection of a party to the suit, unless the record shows that the particular ground of objection was pointed out to such court, and an exception taken to the ruling complained of.

NEW TRIAL.—*Motion for.—Newly Discovered Evidence.—Admissions of a Party.—Cumulative Evidence.*—On the trial of a suit on an account, where the answer was payment, the defendant testified to having paid a certain amount at a particular time to the plaintiff, but the latter testified, denying that he had ever, at any one time, received of the defendant such sum of money. After a finding for the plaintiff, the defendant filed his motion for a new trial, supported by his own affidavit and that of a third person, showing that, since the trial, the defendant had discovered that he could prove by said other affiant, who was a competent witness, that the plaintiff had admitted to him that the defendant had paid to plaintiff the particular sum and at the particular time testified to by the defendant.

*Held,* on appeal to the supreme court, that a new trial should have been granted.

*Held,* also, that such newly discovered evidence was not merely cumulative, it being the admission of a party to the suit of a material fact.

From the Marion Circuit Court.

*G. K. Perrin, L. Barbour* and *C. P. Jacobs,* for appellant.
*C. C. Nave,* for appellee.

NIBLACK, J.—The appellee, Ballow, sued the appellant, Rains, before a justice of the peace of Hendricks county. The complaint, in substance, charges that, early in the spring of A. D. 1872, Rains, being the owner of a saw-mill, employed Ballow to cut certain lots of timber into saw-logs, at specified rates of compensation, and contracted to let him, Ballow, do all his other saw-log cutting for the season of 1872, to be paid for at the same rates. Also to furnish him, said Ballow, when not engaged in cutting logs, employment at other work, during the same season, at one dollar and fifty cents per day. That after several lots of saw-logs had been cut, and considerable other work had been done, by Ballow, under it, Rains refused to allow him to complete his contract. Whereupon damages were claimed for a breach of the alleged contract, and for a balance on account of work and labor already performed under it, as aforesaid.

There was a judgment, by default, against Rains, before the justice, for eighty dollars.

Rains appealed to the Hendricks circuit court, and soon thereafter the venue was changed to the Marion circuit court.

There were two trials in the Marion circuit court. On the first, there was a verdict and judgment in favor of Ballow, for one hundred and thirty-six dollars and sixty cents. Rains thereupon obtained a new trial. On the second, there was a verdict and judgment for Ballow, for one hundred and fifty-four dollars and seventy-five cents. After the verdict, and before judgment, a motion for a new trial was interposed and overruled, and exception duly noted.

On the trial, questions of payment and set-off, as well as to the alleged breach of contract, were in issue, and the appellant and the appellee, together with several others, were examined as witnesses. The overruling of the motion for a new trial, is the only error assigned in this court.

There were several reasons assigned in the court below, in support of the motion for a new trial, but only two of these are brought to our attention by the appellant's brief. In one of the reasons, it is urged that the court below erred, on the trial, in permitting the appellant, on his cross-examination, to testify about some work which one Schultz had done for him during the season of 1872 and the early part of 1873, because it was original testimony and not proper matter to be brought out on cross-examination.

The record simply discloses, that the testimony was objected to by the appellant. No ground of objection seems to have been pointed out to the court below. The omission to point out some specific objection to this evidence prevents us from reviewing the action of that court in admitting it. See *Temple* v. *Aders*, 38 Ind. 506; *Robinson* v. *Murphy*, 33 Ind. 482; *Ammerman* v. *Crosby*, 26 Ind. 451.

The record does not show, either, that any exception was taken in the court below to the admission of this testimony. The objection, for that reason also, is unavailable in this court. See *Hauser* v. *Roth*, 37 Ind. 89; *Train* v. *Gridley*, 36 Ind. 241; *Ringle* v. *Bicknell*, 32 Ind. 369.

On the trial, the testimony was quite conflicting as to many of the material points in the cause. The appellant and appellee very sharply disagreed in much of their testimony, while each, in his turn, was in many respects contradicted by other witnesses.

There was, amongst other things, a difference between the parties as to the aggregate amount of money paid by Rains to Ballow. Also, as to some of the items of payment. Rains testified that in June, 1872, he, at one time, paid Ballow forty dollars in money. Ballow, in rebuttal, denied that statement, and asserted that he had never

received forty dollars from Rains at any one time in his life.

The other reason assigned for a new trial, to which our attention has been specially invited by the appellant, was based on a claim by him, that he had, after the close of the trial, discovered new and material evidence, in relation to the alleged payment of forty dollars above referred to. That, if a new trial should be granted, he would be able to prove by one Stephen Fowler, a competent witness, who resided near his, Rains', saw-mill, in Hendricks county, that in or about the month of June, A. D. 1872, the appellee said, in his, Fowler's, presence, "'I have just got forty dollars of Rains.' (Said Hiram Rains, defendant, meaning.) 'I had to pay Bursott twenty-five dollars of it, and I have a bill to pay at Pittsboro, and that will about clean me out.'" This claim of newly discovered evidence was supported by the affidavit of the appellant, accompanied by the affidavit of the said Fowler, both of which affidavits seem to have been sufficient, in their merely formal parts, to bring them within the rule required to support a motion for a new trial.

It is insisted by the appellee, that the alleged newly discovered evidence is only cumulative and hence, was properly disregarded by the court below, in overruling the motion for a new trial.

We think the objection to this evidence, on account of its supposed cumulative character, is not well taken.

It was proposed to prove by it, that the appellee had distinctly admitted that he had, at one time, received forty dollars in part payment for his labor, as claimed by the appellant; and the appellee being a party to the suit, the alleged admission was a pertinent and material matter to have been considered by the jury. It is said, "The admissions of a party of a given fact are not cumulative of other evidence tending to prove the same fact." See *Humphreys* v. *Klick*, 49 Ind. 189. The admissions of a party, thus made, can not be considered as only tending

to impeach him as a witness. They are received as evidence of a fact proper to be established on the trial of a cause. Had Fowler testified on the trial, as he has sworn he was able to have done, the result might, and probably would, have been different in some respects. We are of the opinion that the court below erred, in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause remanded for a new trial.