Lefever *et al. v.* Johnson.

---

No. 8269.

LEFEVER ET AL. *v.* JOHNSON.

EVIDENCE.—*Tax List.—Replevin.*—In a suit for the recovery of personal property, the tax list, sworn to by a party, showing no claim to the property, is admissible in evidence against him.

Lefever *et al. v.* Johnson.

SAME.— *Witness.—Discretion of Court.—Practice.*—It is no abuse of discretion for the judge, after a witness has been examined by the parties, to interrogate him concerning the state of his feelings towards the party against whom he has testified.

NEW TRIAL.— *Newly Discovered Evidence.*— Newly discovered evidence which is merely cumulative, *i. e.,* of the same kind and to the same point, is no cause for a new trial.

SAME.—*Bill of Exceptions.—Affidavits.*—Affidavits in support of a motion for a new trial can come into the record only by bill of exceptions or order of court.

From the Marion Circuit Court.

*P. Rappaport,* for appellants.

*B. F. Davis* and *G. L. Taylor,* for appellee.

FRANKLIN, C.—Appellants sued appellee before a justice of the peace in an action of replevin for a horse and wagon.

On an appeal to the circuit court, judgment was rendered for appellee, over a motion for a new trial.

The only error assigned is the overruling of the motion for a new trial.

The first and second reasons in the motion for a new trial are, that the finding was not sustained by the evidence, and was contrary to law.

The testimony of appellee was directly in favor of the finding of the court, and however strong the preponderance of the evidence might be in favor of appellant, under the rule of decision adopted by this court, the conflict can not be weighed. The court below had the right to believe appellee, and, having done so, this court can not disturb the finding upon the preponderance of the evidence.

The third and fourth reasons stated are errors and irregularities occurring at the trial, and for newly discovered evidence.

That the court erred in admitting in evidence on the part of appellee the tax list of appellants for the year 1879, for the purpose of showing that the said property now claimed by appellants was not for that year listed by them for taxation.

We see no reasonable objection to the admission of this ev-

idence. The list was a statement in writing, signed in the firm name and sworn to by appellants; it was made out under the direction of a public officer, in pursuance of a duty enjoined by law, and is competent evidence tending to show the amount and kind of property owned by the assessed at that time. *Painter* v. *Hall,* 75 Ind. 208.

Another irregularity complained of is, that during the trial one John Johnson, a son of appellee, testified on behalf of appellants, and, at the conclusion of his testimony, the court interrogated him as to the then existing state of feeling between him and his father. The appellants objected to the court's interrogating the witness, which objection was overruled by the court, and the witness answered, that he did not then live with his father, and that some time ago he had had a quarrel with him.

There is nothing wrong in the court's asking the witness any question the answer to which would likely throw any light upon his testimony.

Under the circumstances of this case, we see no abuse of the exercise of a fair discretion by the court.

The fourth and last reason for a new trial is based upon newly discovered evidence.

Appellant Hugo Lefever states in the motion for a new trial, which he verified, that the day after the trial he learned that he could prove by one Charles F. Cleaveland material facts for the plaintiffs. Cleaveland's affidavit is filed with the motion for a new trial, stating "that Johnson had told him on several occasions about six months ago or more, that they (Lefevers) were very kind to him; that they enabled him to do business; that the horse and wagon which he had belonged to the Lefevers, and was furnished to him so that he could carry on his business."

Upon the trial, appellant Hugo Lefever. testified that appellants had bought and paid for the horse and wagon, and loaned them to appellee; they also proved by said John Johnson, that appellee had told him that they belonged to appel-

lants.   They also proved by James M. Tway, that, at the time
the horse and wagon were taken by the constable under the
writ of replevin, appellee admitted the horse and wagon be-
longed to appellants.   They also proved the same admission
by Mr. Carr.   But appellee testified that he had bought and
paid for the horse and wagon, had borrowed the money from
appellants with which he paid for them, and had repaid to
them a portion of the money ; that they never belonged to ap-
pellants, but had been his and in his possession ever since
their said purchase.

Under this state of the evidence, can the newly discovered
testimony of Cleaveland be considered anything more than
cumulative testimony ?

It is a well settled rule of the law, that a new trial will not
be granted for newly discovered cumulative evidence, and that
rule applies to the testimony of a party the same as to any
other witness.   *Fox* v. *Reynolds,* 24 Ind. 46.   Cumulative
evidence has been defined to be evidence "of the same kind,
and to the same point."   *Winsett* v. *The State,* 57 Ind. 26, p.
29 ; *Zouker* v. *Wiest,* 42 Ind. 169.

The admission of a fact is not cumulative evidence to ev-
idence of another kind tending to prove the fact.   *Rains* v.
*Ballow,* 54 Ind. 79, p. 82 ; *Humphreys* v. *Klick,* 49 Ind. 189, p.
193.   On the trial of an action, where admissions of a party
tending to show his liability in such action have been proved,
proof of other admissions made by him, having the same ten-
dency, is cumulative evidence.   *Cox* v. *Harvey,* 53 Ind. 174 ;
*Houston* v. *Bruner,* 39 Ind. 376, p. 384.

In 1 Greenleaf's Evidence, p. 4, section 2, the following
language is used :

" *Cumulative* evidence is evidence of the same kind, to the
same point.   Thus, if a fact is attempted to be proved by the
verbal admissions of the party, evidence of another verbal ad-
mission of the same fact is cumulative."

This same principle was endorsed and affirmed by this court
in the case of *Shirel* v. *Baxter,* 71 Ind. 352.

From the foregoing authorities we think the newly discovered evidence proposed in the affidavit of Cleaveland is mere cumulative testimony. But if it were otherwise this newly discovered evidence is not in the record in a way that would authorize a reversal of the judgment for that reason. There is no affidavit of appellant in the record, except as contained in the sworn to motion for a new trial, and as therein contained it does not state the facts that he would be able to prove by Cleaveland; it only says that they could prove by him "material facts." This is not sufficient; he ought to have set out the facts. Then the affidavit of Cleaveland is not made a part of the bill of exceptions; and it could not properly get into the record in any other way, unless so ordered by the court. For both of the foregoing reasons this motion for a new trial, as based upon newly discovered evidence, is insufficient. And there was no error in the overruling of the motion for a new trial.

We find no error in this record.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is, in all things affirmed, with costs.