Sutherlin *v.* The State.

No. 13,134.

## SUTHERLIN *v.* THE STATE.

CRIMINAL LAW.— *Continuance.*— *Affidavit.*— *Attaching Previous Affidavit to Application.*—An affidavit for a continuance must set out all the facts, as they exist at the time, essential to support the application. It is not sufficient to attach to the affidavit presented an affidavit filed at a preceding term, and refer to the facts therein stated.

SAME.—*Continuance to Take Deposition.*—*Application for Second Continuance.* —Where a cause is continued that the defendant may take the deposition of an absent witness, an application for another continuance at a subsequent term to procure the testimony of such witness, which states no reason for failing to take the deposition, is bad.

SAME.—*New Trial.*—*Newly Discovered Evidence.*—*Cumulative and Impeaching.* —Newly discovered evidence of a merely cumulative character, or which tends only to the impeachment of a witness without rendering a different result of the trial probable, is not sufficient ground for a new trial.

SAME.—*Instructions.*—*Practice.*—Where it is assigned as cause for a new trial that the court erred in giving or refusing instructions, the particular instructions upon which error is predicated must be specified with reasonable certainty.

From the Parke Circuit Court.

*V. Carter, S. D. Puett* and *H. E. Hadley,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

MITCHELL, J.—The appellant was tried and found guilty upon an indictment, charging him with the crime of grand larceny. His punishment was fixed at imprisonment in the State prison for the period of three years.

The indictment was returned to the May term, 1885, of the Parke Circuit Court. On motion of the prosecuting attorney, the cause was continued to the September term. On the 5th day of September, at the appellant's request, the cause was again continued over the term. The appellant's motion for a continuance was supported by an affidavit, in which he deposed, that certain competent witnesses, who would, if present at the trial, give material evidence in his behalf, were absent from the State. The affidavit recited,

in substance, the evidence which it was alleged the absent witnesses would give, and was apparently formal in all respects. An order was duly made authorizing the appellant to take depositions out of the State.

At the ensuing November term, after an unsuccessful application for a change of venue from the county, the appellant again moved for a continuance. His motion was supported by an affidavit in which he alleged that one of the same witnesses, whose absence occasioned the continuance at the September term, was still absent, and that he had been unable to procure the deposition of the witness referred to.

This last affidavit contained no statement of the facts which it was expected the witness would testify to, nor that such facts could not be proved by any other witness whose testimony could be readily procured. All that the affidavit contained in respect to these subjects was the following: " Comes now the defendant, who being duly sworn says, that the witness, John Porter,—referred to in his affidavit hereto attached, and made part hereof, which was made at the last court, as to what said Porter would swear to, and which by agreement is made a part hereof,—is as he now learns for the first time," etc. " That the evidence of said Porter is very material as the court will see by the affidavit hereto attached."

While the record sets out, at the appropriate place, the affidavit filed in support of appellant's first application for a continuance, it in no manner,—except by the recitals above set out,—shows that the affidavit referred to was made a part of that filed in support of the second application. Conceding that the first affidavit was attached to the second, as therein recited, the continuance was nevertheless properly denied.

The material facts which the statute requires to be set forth in an affidavit for a continuance, can not be supplied by merely attaching to the one presented an old affidavit, however formal, which has served its purpose at a previous term. The affidavit must set out and verify all the facts, as they then exist, which are essential to support the application.

Sutherlin v. The State.

The case having been once continued at the appellant's request, in order to procure the testimony of Porter, and no sufficient reason appearing for the failure to take depositions during the vacation, the last continuance applied for, in the manner above stated, was properly refused.

It is next urged that the court erred in refusing to grant a new trial on account of alleged newly discovered evidence.

During the progress of the trial one Lawson, apparently a confederate of the appellant in the alleged larceny, was called to testify on behalf of the State. The testimony of Lawson related almost exclusively to criminating admissions made by the appellant to the witness, tending to prove the larceny charged.

By the newly discovered witnesses, on account of whose evidence the new trial was asked, it was proposed to prove that Lawson had made statements out of court, variant from, and contradictory of, those testified to by him at the trial.

An examination of the record discloses that most of the evidence introduced by the defence was of the same character as that alleged to have been newly discovered.

Within the rule that newly discovered evidence of a merely cumulative character, or which tends only to the impeachment of a witness, without rendering a different result from that already reached probable, affords no sufficient ground for a new trial, the application was properly denied. *De-Hart* v. *Aper*, 107 Ind. 460.

The case here presented is not within the rule which governed the cases relied on by the appellant: *Kochel* v. *Bartlett*, 88 Ind. 237; *Rains* v. *Ballow*, 54 Ind. 79; *Humphreys* v. *Klick*, 49 Ind. 189.

Those were cases in which it was proposed, by newly discovered evidence, to prove verbal admissions of a fact, made by the adverse party, in a manner substantially different from any proof offered of the same fact at the trial. The rule which controlled the cases referred to has no application here.

The only other question presented for consideration in the

argument relates to alleged errors of law in the eleventh and fifth instructions given by the court of its own motion.

The only specification in the motion for a new trial, which calls in question the instructions of the court, is the sixth, which is as follows:

"That the court erred in giving instructions from 1 to ⸺, inclusive, of its own motion, to the jury, and in giving each of said instructions."

It has been repeatedly held that a motion for a new trial, which assigns as a cause therefor, that the court committed error in giving or refusing instructions, must specify with reasonable certainty the particular instruction upon which error is predicated. *Grant* v. *Westfall,* 57 Ind. 121.

The statement of the rule renders comment on the specification above set out unnecessary.

The judgment is affirmed, with costs.

Filed Dec. 8, 1886.