## OFFUTT *v.* GOWDY, ADMINISTRATRIX.

[No. 2,311.    Filed December 9, 1897.]

NEW TRIAL.—*Complaint.*—*Newly Discovered Evidence.*—In an action to obtain a new trial, on the ground of newly discovered evidence, the facts essential to the validity of the complaint must be alleged. If any of the essential elements of the complaint are wanting, they cannot be supplied by resorting to the evidence nor the pleadings in the original case. *pp. 602, 603.*

SAME.—*Newly Discovered Evidence.*—On the trial of a suit on a promissory note, where the answer was payment, a witness testified that payee, in a conversation with her, stated that he had had a settlement with the drawer of the note, and that they were "square." There was a finding and judgment for plaintiff. At a subsequent term of court, defendant brought an action for a new trial on the ground of newly discovered evidence in that payee had admitted that the note had been paid. *Held,* that the newly discovered evidence was evidence of the same kind as had been offered at the trial, and therefore cumulative. *pp. 603–607.*

From the Rush Circuit Court. *Affirmed.*

*Smith & Cambern,* for appellant.

*W. A. Cullen, W. H. Martin* and *J. D. Megee,* for appellee.

ROBINSON, C. J.—Appellant brought this action to procure, because of newly discovered evidence, a new trial of an action in which appellee recovered a judgment against appellant. A demurrer to the complaint was sustained, which ruling is the only error assigned.

It is well settled that an application for a new trial made after the close of the term at which the trial was

had is a new and independent proceeding and must be by complaint. The complaint must show by allegation what must have been shown by proof. If any of the essential elements of the complaint are wanting they cannot be supplied by resorting to the evidence nor the pleadings in the original case. The complaint must contain in itself all essential averments. *Davis* v. *Davis,* 145 Ind. 4, and cases cited.

It was necessary to plead the newly discovered evidence and the particular evidence on the former trial, and this is done in the complaint. The newly discovered evidence in such case must be of a very material and decisive character. It must not be cumulative, and should be such as to render it reasonably certain that another trial would bring about a different result. *Ward* v. *Voris,* 117 Ind. 368; *Pemberton* v. *Johnson,* 113 Ind. 538; *Schnurr* v. *Stults,* 119 Ind. 429.

The issue tried on the former trial was whether the note sued on had been paid. The trial resulted in a verdict and judgment for appellee. The newly discovered evidence is that the decedent, Gordon, in December, 1894, made admissions in which he stated that the note had been paid. This was the only point upon which there was any controversy on the former trial. A witness, Mrs. Clark, testified on the former trial that in a conversation with Gordon he told her that "they [Gordon and appellant] had a settlement and was square." This was the only evidence given of any statement made by Gordon as to the note sued on, and it is argued by counsel for appellee that the newly discovered evidence is of the same kind, and addressed to the same point, and is therefore cumulative.

It has long been well settled that a new trial will not be granted because of newly discovered evidence, if such evidence is merely cumulative. Whether the evidence is cumulative is the only question on this

branch of the case. In 1 Greenleaf Evidence, section 2, the author says: "Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another verbal admission of the same fact is cumulative." See *Lefever* v. *Johnson*, 79 Ind. 554; *Shirel* v. *Baxter*, 71 Ind. 352; *Winsett* v. *State*, 57 Ind. 26; *Cox* v. *Harvey*, 53 Ind. 174; *Zouker* v. *Wiest*, 42 Ind. 169; where the above definition has been approved.

Mrs. Clark testified that some time in December, 1894, she and Gordon went to appellant's house, and Gordon and appellant had a settlement; that at that time Gordon took with him a paper which witness thought to be a note; that Gordon gave appellant his note and appellant gave him some money; that the note was then thrown in the stove and burned; that after this transaction in December, witness had a conversation with Gordon about the condition of the account between him and appellant, and when asked to state what Gordon said upon that subject, the witness answered, "Well, he just said him and Frank [appellant] was square, was all I ever heard him say about it; he told me him and Frank was square now." The newly discovered evidence consists of admissions made by Gordon in December, 1894, that the $1,000.00 note he held against appellant had been paid.

On the trial, the statements made by Gordon which were given in evidence by appellant's witness, were, in effect, an admission that appellant owed him nothing. The newly discovered evidence consists of admissions made by Gordon that appellant had paid the particular note in controversy. In *Hines* v. *Driver*, 100 Ind. 315, the court said: "We have shown that throughout all our cases one controlling principle runs, and that is, that evidence of the same kind to the

same point is cumulative, and evidence of verbal admissions is of the same kind when other verbal admissions to the same point were proved on the trial, but that evidence to the same point is not cumulative when it is of a different kind or class."

Counsel for appellant cite *Humphries* v. *Administrators of Marshall*, 12 Ind. 609; *Humphreys* v. *Klick*, 49 Ind. 189; *Rains* v. *Ballow*, 54 Ind. 79; *Kochel* v. *Bartlett*, 88 Ind. 237, as sustaining their view that the newly discovered evidence is not cumulative. In *Humphries* v. *Administrators of Marshall, supra,* suit was brought on a note; appellees filed a verified answer denying the execution of the note by the decedent. The only evidence given was the opinion of the witnesses as to the handwriting of the decedent. The newly discovered evidence involved no opinion whatever, but showed an "admission by decedent, by his action and conduct, of the making of the note." It was held that the evidence was not cumulative, and that while it all tended to the same point, viz: the making of the note by decedent, the new evidence was totally different in kind.

In *Humphreys* v. *Klick, supra,* appellees recovered judgment against appellant for negligence in failing to use proper diligence in the collection of a note executed by one Quine and placed in appellant's hands for collection. On the trial, Humphreys testified that Quine was in failing circumstances and was a greater part of the time in Ohio, and that when Klick gave him the note he told him not to sue on it, but to see Quine when he came out from Ohio and ask him for the money, saying that he did not want to make any costs upon it against Quine. A part of the newly discovered evidence was that Klick informed the witness, Quine, that he had left the note with Humphreys, but had not authorized him to sue on it, and did not intend

to sue on it himself; but had left it with Humphreys for convenience, and that Klick frequently called on witness and demanded payment of the note. It was held that this evidence was not cumulative, for while it was directed to the same point, it was altogether different in kind.

In *Rains* v. *Ballow, supra,* a balance due on account was in controversy, and, among other things, a difference between the parties as to the aggregate amount of money paid by Rains to Ballow. Rains testified on the trial, that in June, 1872, he, at one time, paid Ballow forty dollars in money. This was denied by Ballow. The newly discovered evidence consisted of a statement made by Ballow in June, 1872, in which Ballow said to witness Fowler, "I have just got forty dollars from Rains [appellant]. I had to pay Bursott twenty-five dollars of it, and I have a bill to pay at Pittsboro, and that will about clean me out." This evidence was held not cumulative. It was evidence to the same point, but not of the same kind.

In *Kochel* v. *Bartlett, supra,* suit was brought by appellant against appellee for seduction under promise of marriage; appellant testified at the trial that in January, 1880, under assurances of an early marriage and complete protection, appellee had sexual intercourse with her, from which she became pregnant; that she afterward made her condition known to appellee, but he refused to marry her; she also testified to several conversations with appellee on the alleged subject of their approaching marriage, during the summer and fall of 1879; also what was said at some interviews with him after their sexual intercourse, as well as after her condition of pregnancy became known. All this was denied by appellee, and he further testified that he had never talked to her on the subject of marriage. The newly discovered evi-

dence was that in the latter part of August, 1879, the witness overheard a conversation between appellant and appellee to the effect that appellant wanted that they should get married that fall, to which appellee responded that he did not wish to get married so soon after his mother's death; that he would prefer to wait till spring; that in February, 1880, he overheard another conversation between the parties in which appellee said, "We must not do what we have done any more, if anything happens wrong to you we will get married and go out to Iowa this summer;" that a few days after that he overheard them both saying something about getting married; that witness asked appellee if appellant was not talking of going to Iowa with him, to which he answered that she was going to fix up some clothes, get ready and go out to Iowa with him, he to visit his uncle, and she her uncle there. It was held that this evidence was not cumulative, that what appellant said in reference to conversations with, and promises and assurances from appellee, were merely incidental to the substantial facts testified to by her, and were more in the nature of a part of the *res gestae* than of admissions in the cause.

In the case at bar, the evidence given on the trial must be considered an admission on the part of Gordon that appellant had paid him what he owed. It is true, the statement made no mention of the particular note, but the effect of the admission was that he and appellant had settled their accounts, and that he at the time held no evidences of indebtedness of any kind against appellant. We think the newly discovered evidence is not only evidence to the same point, but is evidence of the same kind, and is therefore cumulative.

Without determining the question whether the complaint shows sufficient diligence in not discovering

the evidence before the trial, we are clear that the demurrer was properly sustained for the defect pointed out above. Judgment affirmed.

HENLEY, J., took no part in this decision.