## KING v. BEAUMIER.

(No. 868; Decided September 6th, 1918; 174 Pac. 612.)

Trial—Separate Counts—Verdict of Each Count Must Be Sustained By Evidence—Application of Payment—New Trial—Newly Discovered Evidence—Competent Admissions By Party to Third Person—Cumulative Evidence.

1. Where plaintiff in action for services stated his case in separate counts, each purporting to state a separate and distinct cause of action, the verdict on each count must be sustained by evidence as if there were separate actions, and it is not enough that it supports some verdict, but it must support that actually rendered.

2. Where plaintiff sued in eight counts for services rendered, aggregating nearly $6,000, admitting unapplied credit of $1,765, which exceeded the amount of the two first due counts, verdict for plaintiff on such counts could not be sustained, since the credit must be applied to the amounts first due.

3. Newly discovered evidence which plaintiff in error could not have discovered by reasonable diligence before the trial and was without knowledge until after the trial, as to admissions made by his adversary to a third person, that the transaction in suit was a losing partnership and that he had agreed to perform services at nominal pay as his share of the loss, was competent as contrary to the theory of the petition.

4. In an action for services where there is a dispute as to what the contract was, newly discovered evidence of admissions of the party to a third person that the contract was different from that testified to by him, or was as claimed and testified to by the other party, is evidence of a different character and not merely cumulative so as to warrant refusal of a new trial.

Error to District Court, Albany County, Hon. V. J. Tidball, Judge.

Action by Victor Beaumier against Herbert King. Judgment for plaintiff, and defendant brings error.

*Stephen C. Downey and Cassius M. Eby*, for plaintiff in error.

The evidence shows the existence of a partnership between the parties to this action and that defendant in error

performed services for plaintiff in error to compensate certain losses in a partnership undertaking. The evidence fails to support the verdict and judgment as rendered, and the same should be vacated. (Fieldhouse v. Leisburg, 15 Wyo. 207; U. P. R. R. v. House, 1 Wyo. 27.) Defendant in error was impeached by four disinterested witnesses. A verdict unsustained by evidence is reversible. (Sec. 2652 Comp. Stats. 1910; Marshall v. Rugg. 6 Wyo. 286.) It is well settled that a verdict unsustained by the evidence will be set aside. (Denver & R. G. R. Co. v. Peterson, 30 Colo. 77, 69 Pac. 587; Westfield First Nat. Bank v. Smith, 99 Mass. 605; Alexander v. Harrison, 38 Mo. 258, 90 Am. Dec. 431; Barnes v. Mead, 30 N. C. 292, 49 Am. Dec. 390; Oregon R. & Nav. Co. v. Egley, 2 Wash. 409, 26 Pac. 973; Rahles v. J. Thompson & Sons Mfg. Co., 137 Wis. 506; Kester v. Wagner, 22 Wyo. 512; White v. Dougal, 159 Pac. 907.) It is apparent that the jury rendered quotient or chance verdicts on four of the counts, since vastly different amounts are alleged due therein where the jury found the same amount due on each of them, a result not sustained by the evidence, and they should be set aside. (2 Thompson on Trials, 2606; 22nd Enc. P. & P. 855; Williams v. State, 15 Lea 129.) There is a variance between pleading and proof in that plaintiff sets up two distinct contracts and offers proof on different contracts; a party cannot declare on one contract and then recover on another. (Sumrell v. Co., 62 S. E. 619; Allen v. Burns, 201 Mass. 74, 87 N. E. 194; Jackson v. Bruice, 63 S. E. 823.) The party introducing the contract in evidence is bound by it in its entirety. (Jonasson v. Weir, 115 N. Y. S. 6.) In an action upon an oral contract, all the essentials must be proven. (Benedict v. McMurtry, 115 N. Y. S. 87.) The recovery must be based on the contract alleged. (Green v. South States Lumber Co., 50 So. 917 (Ala.); Seavey v. Ansonia Mfg. Co., 111 N. Y. S. 661.) Recovery cannot be due on *quantum meruit* in an action brought on a contract without separate allegations. (Davis v. Drew, 111 S. W. 869; Schilling Bros. v. Grain Co., 116 N. W. 563; Ptacek v. Pisa, 231 Ill. 522.) One

suing on an express contract cannot recover on *quantum meriut*. (Bennett v. Burkhalter, 57 S. E. 231 (Ga.); Basewood v. West, 101 S. W. 610 (Mo.); Kineon v. Rich, 100 S. W. 249 (Ky.).)  The affidavit of Bryson relating to newly discovered evidence unknown to defendant until after the trial is material; if introduced at a new trial, it will undoubtedly produce a different result, and it is error to deny the application for a new trial on this ground. (Nolan v. McCue, 92 Kans. 870, 142 Pac. 958; Buford v. Benton, 144 Pac. 349.)  The verdict is contrary to the instructions of the court and is therefore contrary to law and should be set aside.  (Melzner v. Raven Copper Co., 47 Mont. 351, 132 Pac. 552; Wallace v. Weaver, 47 Mont. 437, 133 Pac. 1099; Multnomah County v. Towing Co., 89 Pac. 389 (Ore.); Chicago R. I. & Pac. Ry. Co. v. Groves, 93 Pac. 755.)  The verdict and judgment not being sustained by law or evidence in the case, a new trial should be granted.

*F. E. Anderson,* for defendant in error.

An examination of the record will show that there is abundant evidence to sustain the verdict.  There can be no objection to jurors acting freely upon the result of the average sense of the jury as to the amount of recovery and no impropriety in a jury resorting to this method for the purpose of arriving at an agreement.  (Watson v. Reid, 46 Pac. Rep. 647-48.)  The evidence does, in fact, show, as is alleged in the petition, a verbal agreement between the parties for the performance of services; certain notes made by Beaumier to the Case Manufacturing Company are referred to in the evidence; these notes were given by Beaumier in connection with the purchase of the traction engine and it was shown that Bryson's earnings were to be applied first upon these notes, secondly an allowance to Mrs. Beaumier of $50.00 per month, and thirdly advances to Beaumier for money for tobacco and other necessities; but this did not supersede the original agreement from the performance of services.  No variance between the allegations and proof is material unless the adverse party has been misled thereby; when the variance is not material, the court may direct the

facts to be found in accordance with the evidence and may order an amendment without costs. Failure of proof is not a variance. (Sections 4591-4593 'Comp. Stats. 1910; 'Culin v. McKay, 7 Wyo. 42, 49 Pac. 473; C. B. & Q. R. v. Pollock, 16 Wyo. 321, 93 Pac. 847.) The allegations of plaintiff's petition were proven in their general scope and meaning. (Hoffman v. Murphy, 96 Pac. Rep. 780; Emerson v. Burnett, 52 Pac. Rep. 752; Peasley v. Hart, 4 Pac. Rep. 537; Ahern v. Telephone & Telegraph Co., 33 Pac. Rep. 403; Newell et al. v. National Advertising 'Co., 89 Pac. Rep. 792; Burgess v. Helm, 51 Pac. Rep. 1025.) As to the claim of newly discovered evidence, it was shown that the conversations and agreements occurring in the presence of Bryson were testified to by defendant below, plaintiff in error, first, and brought out upon his theory of the case. Defendant knew that Bryson was present and had knowledge of the transaction, but took no steps to communicate with him prior to the trial. The same facts were testified to by J. H. White and others, which went to the jury for their consideration. There is no valid ground for a new trial on the ground of newly discovered evidence. It is evident that the jury found that the contracts made in March, 1910, and May, 1911, were not obtained; that no partnership existed in the James Lake work and no loss was proven. There is really nothing to show that the instructions of the court were disregarded, and we think the verdict and judgment of the court below should not be disturbed.

BEARD, JUSTICE.

In this case, in the district court, Beaumier was plaintiff, and King was defendant. Plaintiff's second amended petition, upon which the cause was tried, contained eight counts or separate causes of action. In the first count he claimed $400 for threshing 10,000 bushels of oats for defendant in 1909, which with interest amounted to $502.20. In the second count he claimed $84.00 for threshing 2,100 bushels of oats in 1910, which with interest amounted to $106.10. In the third count he claimed $362.04 for threshing 9,051

bushels of oats in 1911, amounting with interest to $417.00. In the fourth count he claimed $210 for 60 days' labor in January and February, 1908, at $3.50 per day, amounting with interest to $312.20. In the fifth count he alleged that about March 15, 1910, plaintiff and defendant entered into a verbal agreement by which defendant agreed to hire plaintiff to work for defendant at $3.50 per day, and to hire a traction engine belonging to plaintiff at $10.00 per day. That pursuant to said agreement he worked for defendant during the year 1910 a total of 235 days, for which he claimed $822.50, which with interest amounted to $1,039.15. In the sixth count he alleged that about May 5, 1911, plaintiff and defendant entered into a verbal agreement wherein defendant agreed to hire plaintiff and his said engine at the same price as in 1910; and that he so worked in 1911 a total of 158 days, for which he claimed $553.00, which with interest amounted to $661.15. In the seventh count he alleged that pursuant to the agreement of March, 1910, defendant used said traction engine 152 days in 1910, for which he claimed $1,520.00, which with interest amounted to $1,925.30. In the eighth count he claimed for the use of said engine for 72 days in 1911, $720.00, which with interest amounted to $861.12. The total amount claimed being $5,824.22, less an admitted credit of $1,765.89.

The answer contained first, a denial of the allegations of each count in the petition; and second, alleged as a counter-claim, "That said plaintiff and defendant entered into a co-partnership arrangement to construct certain work which is commonly known and called the Lake James Irrigation System. That said plaintiff, through mismanagement and mis-appropriation of funds, damaged said defendant in the sum of $5,000.00." For which sum he prayed judgment against plaintiff.

Plaintiff by reply denied the allegations of the counter-claim.

The case was tried to a jury, which returned a verdict in favor of the plaintiff for the amount claimed in each of the first four counts of the petition, and in his favor for $295.58

on each of the last four counts, and finding for plaintiff in the total sum of $2,519.72. It is contended by counsel for plaintiff in error that the verdict is contrary to the evidence, is not supported by sufficient evidence, and that the verdicts on the last four counts are quotient verdicts. The only evidence of the latter contention is the inference which might be drawn from the fact that the amount awarded by the jury on each of said counts is the same. Plaintiff testified that he worked the number of days in each of the years 1910 and 1911, for which he claims, and also to the days his engine was used, and that he kept the time from day to day in a book which was introduced in evidence. That the agreed price was $3.50 per day for his services, and $10.00 per day for the use of the engine. The theory upon which the case was tried on behalf of the defendant was that the parties were co-partners or joint contractors for doing certain work on the Lake James Irrigation System, and that there was a large loss on that contract, which King paid, and that the work performed by plaintiff for him, and the use of the engine, were to reimburse him for plaintiff's share of such loss, and that plaintiff was to receive $50.00 per month for the time he so worked. Considering the entire evidence in the case, we find it very unsatisfactory, uncertain and indefinite. There is no evidence in the record to sustain a finding that plaintiff worked the same number of days in each of the years 1910 and 1911, or that his engine was used the same number of days in each of those years, or that the price was different in the different years. The jury could not have based its finding upon the claim of either party upon the last four counts, as we read the evidence; and counsel have failed to enlighten us upon what theory, upon the evidence, it could do so. The plaintiff having stated his case in separate counts in his petition, each count purporting to state a separate and distinct cause of action, the verdict on each count must be sustained by the evidence in the same manner and to the same degree as though they were separate actions. It is not enough that the evidence might support some verdict and judgment, but it must be sufficient to support the par-

ticular verdict and judgment rendered. (King v. C. C. Ben-
dell Commission Co., 44 Pac. (Colo. App.) 377; Meyer v.
Shamp, 51 Neb. 424.)

The verdicts on the 1st and 4th counts are contrary to the
evidence. There is an admitted credit of $1,765.89, and
there is no evidence that either party applied it to any par-
ticular item or items of the indebtedness. The several claims
being of the same grade, and neither party having elected
to apply the payment on any particular item or items of the
indebtedness, the rule is that it shall be applied in payment
and satisfaction of the item or items first becoming due. (30
Cyc. 1244, and authorities cited in notes.) Applying that
rule to the present case, the admitted credit would have
more than paid and satisfied the amount found due on said
counts.

Another ground contained in the motion for a new trial is
newly discovered evidence. One John H. Brison, in his
affidavit in support of that ground of the motion, states, in
substance, that in the spring of 1910 he had a conversation
with plaintiff, in which conversation plaintiff stated that
prior to said time he and King had been in partnership in
work on the Lake James proposition and had suffered severe
losses and that King had to and did stand said losses. That
he (plaintiff) had entered into a contract with King to work
for him with his engine on the King reservoir until it was
completed for which he was to receive no compensation
other than fifty dollars per month, with which he could sup-
port his family during said period. That he then informed
me that he was working for King upon his reservoir under
the terms of said agreement in order to repay King his por-
tion of the losses sustained by said partnership. This evi-
dence is competent, material and relevant to the issues on
the theory upon which the case was tried. The affidavit of
defendant in support of the motion for a new trial sufficient-
ly shows it to be newly discovered evidence which he could
not have discovered by the exercise of reasonable diligence
before the trial and that it did not come to his knowledge
until after the trial. This new evidence was not merely

cumulative. Plaintiff testified that the contract under which he worked was $3.50 per day for his services and $10.00 per day for the use of his engine, and that there was no partnership in the Lake James contract. Brison's testimony consists of an admission or confession of a party to the action that the contract was not as testified to by him. It has been repeatedly held where there is a dispute as to what the contract was, the admission of a party to a third person that the contract was different from that testified to by him, or was as claimed and testified to by the other party, is evidence of a different character and is not merely cumulative. (Gardner v. Mitchell, 6 Pickering, 113; Klopp v. Jill, 4 Kan. 482; Alger v. Merritt, 16 Ia. 121; Murray v. Weber, 92 Ia. 757; Andrews v. Mitchell, 92 Ga. 629; Humphreys v. Klick, 49 Ind. 189; Rains v. Ballow, 54 Ind. 79; Preston v. Otley, 88 Va. 491; Feister v. Kent, 92 Ia. 1.) If Brison's evidence had been given upon the trial it is not improbable that the result would have been different. For the reasons stated, we are of the opinion that the plaintiff in error is entitled to a new trial and that the district court erred in refusing to grant it. The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*

POTTER, C. J., and BLYDENBURGH, J., concur.