Filed March 16, 1887.

---

No. 12,592.

## BLACKBURN v. CROWDER ET AL.

NEW TRIAL.—*Newly Discovered Evidence.*—*Impeachment.*—Where newly discovered evidence proves a distinct and material fact, a new trial should be granted, even though such evidence may have the additional effect of impeaching the testimony of the opposite party.

SAME.—*Complaint for.*—*Averments not Supplied by Exhibited Evidence.*—Evidence made an exhibit to a complaint for a new trial after the term can not supply any averments essential to the validity of the complaint, and a question as to whether diligence is shown must be determined from the allegations in the body of the pleading.

SAME.—*Diligence.*—*Inquiries.*—*Showing as to.*—A complaint for a new trial, on the ground of newly discovered evidence, must state the facts constituting the diligence used to discover such evidence, the place, time and circumstances under which inquiries were made, and it must also show that the evidence was not discovered during the term at which the case was tried.

SAME.—*Sufficient Averments of Diligence.*—Where the new evidence is an account book kept by the opposite party, which is shown to have been in his possession, allegations in the complaint for a new trial, that

inquiries concerning the book had been made of such party upon the trial, when he was testifying as a witness, and that he had denied that such a book was ever in existence, show diligence.

From the Greene Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.
*J. C. Briggs* and *W. C. Hultz*, for appellees.

ELLIOTT, C. J.—The appellees obtained a new trial upon a complaint filed after the term. The appellant unsuccessfully demurred to the complaint.

One of the grounds upon which the complaint is assailed is, that the newly discovered evidence is cumulative, but we think this ground not tenable. The newly discovered evidence was of an independent and distinct fact, the existence of an account book which had been concealed from the plaintiff, and is not, therefore, within the rule declaring that a new trial will not be granted where the newly discovered evidence is merely cumulative. *Hines* v. *Driver*, 100 Ind. 315; *Rains* v. *Ballow*, 54 Ind. 79.

It is true that the newly discovered evidence tended to contradict and impeach the appellant, but it did much more than this, for it tended to establish a material fact, namely, the existence of the appellant's account book in which there were entries directly sustaining the appellees' theory. Where evidence proves a distinct and material fact, a new trial can not be denied because the evidence may have the additional effect of impeaching the testimony of the party against whom it is offered.

In defending the complaint against the objection that diligence was not shown, counsel refer us to the exhibit containing the evidence given on the former trial, but this reference will not avail the appellees. The evidence may be made an exhibit, but the exhibit performs no other office than that of bringing the evidence into the record; it does not supply any averments essential to the validity of the complaint, for these must be made in the body of the pleading. In *Hines.*

v. *Driver, supra,* it was said : " While we hold that the affi-davits and the bill of exceptions containing the evidence given on the former trial may be made exhibits, we hold, also, that they are only part of the pleading, for the single purpose of showing the former evidence and the newly discovered evidence. * * They can not be resorted to for the purpose of aiding the complaint in any other particular; their effect must be confined to a statement of the original and the newly discovered evidence ; all the other facts essential to the validity of the complaint must be stated in the body of that pleading as in ordinary cases." The question whether diligence is shown must, therefore, be determined from the allegations in the body of the complaint, and is not to be ascertained by a search through the mass of evidence embodied in the exhibit.

The averments of the complaint upon this subject are these : " That it became and was a material question upon the trial of said cause whether said $1,179 had been paid by the plaintiffs to the defendant; that the only evidence introduced by the plaintiffs, as shown by the bill of particulars filed herewith, marked exhibit 'A,' which contains all the evidence introduced upon said trial, was the evidence of Claude Crowder, who testified that he had paid the sum of $1,179 to and for the benefit and use of defendant for the plaintiffs, at the instance and request of defendant; that he had kept the charges in a small book until August, 1882, when he added them up and charged the sum total, $1,179, upon an irregular journal kept by him as book-keeper for the plaintiffs ; that this was well known by the defendant; that he saw the small book ; that defendant kept a small book himself containing the charges against himself, and that the witness and the defendant at several different times compared defendant's accounts during said time, and found the same correct, and that the book had been lost, and he was unable to give the various charges and payments composing the sum of $1,179."

It is also alleged in the body of the complaint, that, when

on the witness stand, the appellant denied that he had ever kept such a book, and denied, also, that there was any such book in existence. It is further alleged that the appellees made inquiries of all who would be likely to know of its existence, but could obtain no evidence, and that on the trial of another case between the parties, the appellant produced the book.

We concur with counsel that it is necessary for a party asking a new trial to state the facts constituting the diligence, and that he must show the place, time and circumstances under which the inquiries were made. *Toney* v. *Toney*, 73 Ind. 34; *Wall* v. *State, ex rel.*, 80 Ind. 146; *McCauley* v. *Murdock*, 97 Ind. 229; *Hines* v. *Driver, supra*. We think, however, that this complaint does show that inquiries were made of the proper party. Inquiries were certainly made of the appellant when on the witness stand, and, as he was shown to have had the book, it is difficult to perceive how he can, with any show of reason, complain that proper inquiries were not prosecuted. It was not unreasonable for the appellees to presume that he could give truthful information, and that he would do so when called upon to answer on oath.

It is undoubtedly the law, as appellant contends, that it must be shown that the evidence was not discovered during the term at which the case was tried. *Hines* v. *Driver, supra*, and cases cited. This does appear by express averment in the complaint before us.

Judgment affirmed.

Filed March 15, 1887.