## HARRIS *v.* JAY.

[No. 13,436. Filed December 29, 1930. Rehearing denied June 19, 1931.]

*John O. Campbell, Plummer & Plummer, Strickler & Messick, John A. Kersey* and *Willard B. Gemmill,* for appellant.

*Meade S. Hays, Walter S. Bent, Merle H. Miller* and *Ewbank & Dowden,* for appellee.

PER CURIAM.—Action by appellee Mary A. Jay against appellant David E. Harris on a promissory note calling for $400, payable one year after date. Complaint in usual form was answered by verified denial, and on the trial, which resulted in a verdict and judgment for plaintiff, the sole defense of Harris was that he had not executed the note.

Error is predicated upon the action of the court in overruling motion for new trial, and the only ground for new trial which will require consideration is that of newly discovered evidence.

The note in suit, and which was introduced in evidence, bears the date of May 1, 1918. This action on the note was not commenced until March, 1927. On the trial, Mary A. Jay, as a witness in her own behalf, testified that the note was not in fact signed May 1, but on June 20, 1918; that the body of the note was written by her; that no interest and no part of the note had been paid; that, prior to the commencement of this action she had at no time requested Harris to pay the note or interest, or said anything to him about it; and that the note had been written and signed at her home in the presence of her husband. Harris, as a witness, denied the execution of the note, and stated that he knew nothing about it until served with process when the action was commenced.

In his verified motion for new trial, appellant states

that if the same is granted, he will be able to prove by two certain persons, whom he can and will produce as witnesses, that Mary A. Jay had stated to each of them that appellant had executed the note in suit, May 1, 1918. In support and as a part of his motion for new trial, appellant filed the affidavit of each of the two persons. One of them stated in his affidavit, in substance, that, at a time about 60 days before the trial, Mary Jay told him that she was bringing a suit against David E. Harris on a note, and that Harris had executed the note May 1, 1918, or within a day or two thereafter, and that the note described by Mrs. Jay was the note in suit. The other affiant stated in his affidavit that he had had a conversation with Mary A. Jay in the fall of 1927, at which time she stated to him that David E. Harris was indebted to her in the sum of $400 on a promissory note, and that the note had been signed by Harris May 1, 1918.

It is urged by appellee that the alleged newly discovered evidence is only cumulative, and that, therefore, the motion for new trial was properly overruled. In that view, we do not concur. The newly discovered evidence referred to in the motion for new trial, and which is outlined in the two affidavits, consisted of admissions of appellee which were material to the issue presented by appellant's plea of *non est factum*. On the trial, no evidence of that class or character had been introduced. Under such circumstances, the evidence would not be cumulative. As was said by the Supreme court in *Humphreys* v. *Klick* (1874), 49 Ind. 189: "The admissions of a party of a given fact are not cumulative of other evidence tending to prove the same fact." To the same effect, see *Rains* v. *Ballow* (1876), 54 Ind. 79; *Kochel* v. *Bartlett* (1882), 88 Ind. 237; *Houston* v. *Brunner* (1872), 39 Ind. 376; *Lowry* v. *Indianapolis Traction, etc., Co.* (1920), 77 Ind. App. 138, 154,

126 N. E. 223; *Blackburn* v. *Crowder* (1887), 110 Ind. 127, 10 N. E. 933.

We have read the testimony with much care, and find that there is some evidence to support appellee's theory as to the consideration and execution of the alleged note, but not very convincing, especially in the light of the uncontradicted evidence that appellee had not requested payment of principal or interest though she had held the note for nearly nine years after it was due, during all of which time she and appellant lived on adjoining farms. It is apparent, too, that, at the trial, appellant was greatly handicapped in the making of his defense, for the reason that appellee fixed the time of the execution of the alleged note at a date five weeks later than alleged in the complaint, and fixed the place of its execution at her own home in the presence of her husband. The trial occurred in February, 1928, and nearly 10 years after the date fixed by appellee as the time when the alleged note was signed. It was no easy matter for appellant to establish proof of his activities on that day. It was a task which might have required many days or weeks, and might then, after diligent effort, have resulted in failure. In addition to the newly discovered evidence as to appellee's admissions in reference to date of the execution of the note, appellant in his motion for new trial shows that, if a new trial is granted, he can and will produce three persons, who, as witnesses, will testify as to his whereabouts on June 20, 1918, which testimony will conclusively establish that he was not, and could not have been, at the home of appellee on that day; the affidavit of one of the witnesses is filed with the motion. Appellee filed no counter-affidavits. In his motion for new trial, appellant makes a good showing as to diligence on his part; also shows that all the evidence referred to in his motion has been discovered since the trial. From an examination of the

whole record, we are constrained to hold that the trial court erred in denying appellant a new trial because of the newly discovered evidence as to the admissions of appellee in reference to the time of the execution of the alleged note.

Judgment reversed, with instructions to grant a new trial.