[L. A. No. 936.   Department Two.—July 3, 1901.]

## A. F. SHARPLEIGH HARDWARE COMPANY, Appellant, *v.* WILL KNIPPENBERG et al., Respondents.

PRINCIPAL AND AGENT—PLEADING—ACTION TO RECOVER SPECIFIED BALANCE.—In an action against an agent to recover a balance due on account of sales made for the principal, an allegation that the agent had collected and received on account of such sales a specified sum, or thereabouts, and that after deducting all expenses connected with such sales and the amount due him for his services, amounting in the aggregate to a lesser specified sum, there still remains a balance due from him, which was the difference between such sums, is not uncertain.   That the receipt may have been more is immaterial; nor is it material to separately state the amount of the expenses of the agent or the amount of his compensation.

ID.—ACCOUNTING, WHEN UNNECESSARY.—The allegation of a specific balance due from the agent renders unnecessary any allegation of an accounting between him and his principal.

ID.—UNCERTAINTY AND AMBIGUITY—DEMURRER.—In such an action, a demurrer upon the ground of uncertainty or ambiguity must distinctly specify in what the ambiguity or uncertainty consists, or it will be disregarded.   A mere statement in the demurrer that it cannot be ascertained from the complaint what the contract was between the principal and the agent is insufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County.   M. T. Allen, Judge.

The facts are stated in the opinion.

Mulford & Pollard, for Appellant.

William T. Craig, for Respondents.

HAYNES, C.—Appeal from a judgment rendered upon demurrer to the third amended complaint.

The action is upon an alleged contract between the plaintiff and defendant Knippenberg, and a bond executed by both defendants to the plaintiff to secure the performance of said contract by Knippenberg.

The defendants demurred severally, for want of facts sufficient to constitute a cause of action, and for uncertainty and ambiguity.   The demurrer being sustained, the plaintiff declined to further amend its complaint.

It is alleged that in June, 1895, the plaintiff and Knippenberg entered into an agreement, whereby the plaintiff appointed Knippenberg its agent at the city of Los Angeles to represent the plaintiff for the purpose of handling its goods which it might from time to time ship to him "to be sold by the said Knippenberg, as the agent of the plaintiff, upon such terms and conditions as might from time to time be agreed upon by the said plaintiff and the said Knippenberg"; that Knippenberg should keep a strict account, and make reports, "as often as required by the plaintiff, of all goods received, and all sales, leases, rentals made, and all moneys which might be received" therefrom, and of all moneys expended in the conduct of the business, and would pay over all moneys properly belonging to the plaintiff.

A copy of a bond executed by Knippenberg as principal, and defendant Kregelo as surety, is attached to the complaint and made part thereof, which bond is conditioned for the faithful performance by Knippenberg of his said contract, and the payment of all moneys that may become due and payable to the plaintiff.

The complaint further alleges that after the execution and delivery of said bond the plaintiff delivered to Knippenberg, as such agent of the plaintiff, "goods, consisting of bicycles and bicycle sundries, belonging to the plaintiff, aggregating in value the sum of $4,090.37, and the said Will Knippenberg has come into possession of such goods to the value as aforesaid, as such agent as aforesaid; and plaintiff is informed and believes, and upon such information and belief avers, that the said Will Knippenberg, while acting as such agent of plaintiff, sold and disposed of all of said goods which were delivered by the plaintiff to said Will Knippenberg under the terms of said contract; and the said Will Knippenberg has collected and received upon the sale of said goods the sum of $4,090.37, or thereabouts, out of which sum the said Will Knippenberg has paid all the expenses connected with the sale of said goods, and the amount due and payable to him, the said Will Knippenberg, for his said services as said agent aforesaid, making, in the aggregate, the sum of $2,195.02; that there remains a balance of $1,895.35 due of said sum of $4,090.37 in the hands of said Will Knippenberg, the property of plaintiff, which the said Will Knippenberg wrongfully retains, and refuses to pay over to the plaintiff; and the said Will Knippenberg is

justly and truly indebted to the plaintiff in the said sum of $1,895.35, which said sum the said Will Knippenberg has neglected and refused to pay to the plaintiff, though often requested by the plaintiff to pay the same, and no part thereof has been paid to the plaintiff, or to any one for the plaintiff."

1. The general demurrer is not well taken, and is not insisted upon.

2. It is alleged that the complaint is uncertain.

(a) "That it cannot be ascertained therefrom how much money, if any, the said plaintiff claims said defendant Knippenberg collected or received for the plaintiff."

It is alleged that Knippenberg "had collected and received upon the sale of said goods the sum of $4,090.37, or thereabouts." But it is further alleged that Knippenberg had paid all the expenses connected with the sale and the amount due him for his services, amounting, in the aggregate, to $2,195.02, and "that there remains a balance of $1,895.35 due of said sum of $4,090.35 in the hands of said Knippenberg, the property of the plaintiff," which he retains and refuses to pay. There is no uncertainty in the amount of the agent's expenses and compensation, nor in the amount alleged to be due to the plaintiff, and these amounts show that the receipts were not less than $4,090.37. That the receipts may have been more is immaterial. But all these matters are within the personal knowledge of the agent, and he is not likely to be prejudiced by any uncertainty or ambiguity as to the amount he received from the sale of the goods, so long as he is definitely informed of the amount sought to be recovered.

These remarks cover specification (b), which is, that it cannot be ascertained from the complaint how much is due plaintiff.

(c) "That it cannot be ascertained therefrom what the contract was between plaintiff and defendant Knippenberg, upon which said plaintiff's action is based." This specification is quite as uncertain as the demurrer supposes the complaint to be. Section 431 of the Code of Civil Procedure provides: "The demurrer must distinctly specify the grounds upon which any of the objections to the complaint are taken. Unless it do so, it may be disregarded."

In the absence of a statutory provision permitting a demurrer upon the ground of uncertainty or ambiguity, such defects were reached only by motion to make the pleading

more definite and certain in particulars which were specified
in the motion.   The object of the motion was to compel the
amendment of a pleading, and for that purpose the particu-
lar defect was required to be pointed out.   (Pomeroy's Code
Remedies, secs. 548 et seq., and notes.)   A contract whereby
Knippenberg was constituted the agent of plaintiff is alleged,
and if this allegation was in any respect uncertain or ambig-
uous, defendants should have pointed out the particulars in
which it was uncertain or ambiguous.   It is true, the com-
plaint does not allege what the agent's commissions were to be,
nor what expenses he should be allowed for, but it is alleged
that his expenses and services aggregated $2,195.02, and that
there remained a specified balance in his hands belonging to
the plaintiff.   In *Blanc* v. *Klumpke*, 29 Cal. 156, it was held
that a demurrer to a complaint for ambiguity or uncertainty
should point out specially in what the ambiguity or uncer-
tainty consisted, or it would be disregarded.   (See also *County
of Yolo* v. *Sacramento*, 36 Cal. 193; *Kreling* v. *Kreling*, 118
Cal. 413, 420.)   We think this demurrer was insufficient, and
should not have been sustained.

(d) It is specified that it cannot be ascertained from the
complaint whether the agent is given credit for all sums ex-
pended for plaintiff under the contract.

It is expressly alleged that Knippenberg has paid all the
expenses connected with the sale of the goods out of the moneys
received from the sale of them, and that there is a balance in
his hands belonging to the plaintiff.   We think it is not ma-
terial that the expenses of the agent and his compensation for
his services are not separately stated.   Besides, these are
matters peculiarly within the knowledge of the defendants, or
at least of Knippenberg.

(e) It is not specifically alleged in the complaint that there
has been an accounting between the plaintiff and its agent,
but the result of the transaction is stated specifically, showing
the balance which the plaintiff alleges it is entitled to recover.

It is said in respondents' brief, that the bond, a copy of
which is attached to the complaint, recites that a large amount
of property formerly in the hands of others had been turned
over to Knippenberg prior to the execution of the bond, and
it is urged that plaintiff has no right to segregate the expense
connected with the goods last above mentioned from those
involved in this action.   For aught that appears, all former

transactions have been adjusted and closed.   If not, it will be time enough to consider this objection when another suit is brought to recover thereon.

Conceding that the complaint is not a model of good pleading and might be improved, we think the defendants will not be prejudiced by its defects, and that the demurrer should have been overruled.

I advise that the judgment be reversed and the cause remanded, with directions to overrule the demurrer.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to overrule the demurrer.    McFarland, J., Temple, J., Henshaw, J.