[No. 5301.]
[No. 2938 C. A.]

## LACEY ET AL. V. BENTLEY.

1. **Pleading—Demurrer—Specification of Grounds.**

   A demurrer that several causes of action are improperly joined, and that the complaint is ambiguous, unintelligible and uncertain, does not specify the grounds on which the objections are taken, and may be disregarded in accordance with Mills' Ann. Code, § 51.—P. 451.

2. **Gambling—Action for Return of Money—Complaint—Sufficiency.**

   A complaint, alleging that defendants maintained a gambling house; that plaintiff intrusted certain money to another for safe keeping; that while he so held the money, without authority to use it and without the knowledge or consent of plaintiff, he lost it in the gambling house of defendants, and paid it to defendants in gambling, in violation of law and without consideration, to the damage of plaintiff in said amount, and that defendants refused to return it to plaintiff upon demand, states a cause of action.—P. 451.

3. **Appellate Practice—Rules—Pleadings—Motions to Make Specific—Alleged Grounds of Error Should Be Pointed Out—Presumption.**

   Rulings upon motions to make the pleadings more specific are largely within the discretion of the trial court, and parties relying upon error in such rulings should point out to the appellate court wherein the error lies. Mere statements in the brief that the trial court erred, without presenting reasons or authority, do not appeal to the court; and under the presumptions that the rulings of the trial court are without error, unless the contrary is shown, such statements will not be entitled to much consideration.—P. 452.

4. **Practice in Civil Actions—Pleading—Bill of Particulars—When Required—Statutory Construction.**

   In an action to recover money lost by plaintiff's husband in gambling covering a period of ten months, in which it is alleged that the money was intrusted to him for safe keeping and was gambled by him without her knowledge or consent, the defendants are not entitled to a bill of particulars including an itemized statement of each separate item of the amount sued for, the date, and to whom lost, in accordance with Mills' Ann. Code, § 63—providing that it shall not be necessary to set forth in the

29

pleading the items of account, but that within four days after a demand in writing the pleader shall furnish such items or be precluded from giving evidence thereof—since, from the nature of the demand and from the fact that plaintiff did not know her husband was using the money to gamble, it would be impossible to comply with the demand, and for the further reason that such action is not based upon an account within the meaning of such code provision.—P. 453.

**5.   Practice in Civil Actions—Verdict—Amendment.**

In an action against two defendants for damages, the jury returned a verdict "for plaintiff" and assessed the damages in a certain sum.   Thereupon the court inquired of each juror if it was intended to bind each of the defendants, and, being answered in the affirmative, the jurors were asked if they had any objection to the foreman inserting after the word "plaintiff," the words "and against the defendants and each of them," to which the foreman replied that they had none.   Held, that it was within the power of the court to request the jury, before leaving the box, to make such correction.—P. 454.

**6.   New Trials—Grounds—Instructions—Specific Instructions Not Asked.**

The failure to give specific instructions is not ground for a new trial, unless such instructions, good in point of law, have been requested and refused.—P. 456.

**7.   Gambling—Action for Return of Money—Evidence—Sufficiency.**

In an action to recover money lost by plaintiff's husband in gambling, in which it was alleged that the money was intrusted to him for safe keeping and was gambled by him without her knowledge or consent, uncontradicted evidence is sufficient to support a verdict for plaintiff which shows that plaintiff gave her husband money exceeding the amount of the verdict to be held for her use, that defendants maintained a gambling house, that her husband frequented it and lost large sums of money much in excess of the verdict, and that the money so lost was the money of plaintiff.—P. 456.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

Action by Ellen M. Bentley against James I. Lacey and Thomas Lacey.   From a judgment for plaintiff, defendants appeal.               *Affirmed.*

Mr. F. W. DUSTIN and Mr. W. K. BROWN, for appellants.

Mr. GEORGE GARDNER, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action by appellee to recover of appellants money alleged to have been given by her to her husband, for safe keeping, and lost by the husband in a gambling house maintained and operated by appellants.

A demurrer to the complaint upon the following grounds was interposed:

1.   Several causes of action improperly united.

2.   That the complaint does not state facts sufficient to constitute a cause of action.

3.   That the complaint is ambiguous, unintelligible and uncertain.

The first and third grounds of demurrer do not specify the grounds upon which the objection was taken, and will be disregarded.—Mills' Ann. Code, § 51.

The complaint is not a model of pleading.  In substance, it alleges that defendants were maintaining a gambling house and engaged in the business of gambling in Colorado City; that between September 1, 1899, and July 1, 1900, plaintiff was the owner of $2,000.00 in money, which sum of money plaintiff placed in the hands of C. P. Bentley for safe keeping; that while he so held the money, without authority to use it, and without the knowledge, consent, or approval of plaintiff, he lost it in the gambling house of defendants, and paid it to the defendants in gambling, in violation of the law and without consideration, to the damage of plaintiff in the sum of $2,000.00, and that defendants refused to return it to plaintiff upon demand.

The form of complaint, approved in *Pierson v. Fuhrmann,* 1 Colo. App. 187, seems to have been adopted, and under the authority of that case and the authorities there cited, the complaint must be held to state facts sufficient to constitute a cause of action.

Defendants moved to require plaintiff to make her complaint more explicit, definite and certain, in this, that she state the date between September 1, 1899, and July 1, 1900, when she was ,the owner of the $2,000.00; the date when she intrusted and deposited the said sum of money with C. P. Bentley for safe keeping; the date or dates when said Bentley lost the said sum in gambling; the amount of the loss at each date; to whom the money was lost, and the kind of games of chance in which the same was lost, by stating the name or names of each game of chance which said Bentley played at the time he lost said sum; and whether said defendants were sued as partners or individuals.

Rulings upon motions to make the pleadings more specific, definite and certain, are largely within the discretion of the trial court, and parties relying upon error in such rulings should point out to this court wherein the error .lies. Mere statements of counsel in their brief, that the court erred in its rulings without presenting reason or authority in support of such contention, do not appeal to the court, and under the presumption which exists that the rulings of the trial court are without error, unless the contrary is shown, such statements will not entitle counsel to much consideration.

The authority cited by counsel for appellants, *Simmons v. Spencer,* 97 Fed. 581, *held,* that in an action against two or more as for money had and received, a complaint is demurrable which shows that the money was received *otherwise* than jointly.

Here, the complaint shows that the money *was* received by the defendants jointly.

We cannot say from this record that the court erred in its rulings denying the motion of defendants to make the complaint more specific.

The answers of defendants, which were separate, were a general denial of each and every allegation of the complaint.

After the jury had been impaneled, counsel for defendants objected to the introduction of any testimony under the complaint, for the reason that the same failed to state facts sufficient to constitute a cause of action, and for the further reason, that defendants had made a demand upon plaintiff for a bill of particulars, which had not been furnished or filed as required by § 63 of the Code.

The sufficiency of the complaint has been ruled.

Section 63 of the Code is:

"It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged; but he shall, within five days after a demand thereof in writing by the adverse party, deliver to him or file a copy of such account, or be precluded from giving evidence thereof."

The demand served upon plaintiff was:

"You will take notice that we demand that you furnish us, or file, a complete itemized bill of account, showing each item on which the plaintiff seeks to recover from the defendants, or either of them, in the above and foregoing action, giving dates and amounts of each separate charge or account or claim of the plaintiff against the said defendants, or either of them, as is required by section 63 of the Code of Civil Procedure of the state of Colorado."

The contention is, that the defendants were entitled to know where, when and how they had re-

ceived the money of plaintiff, at what kind of a game the money was lost,. and to whom it was lost.

The demand was for an itemized account of transactions between the person with whom the money was deposited for safe keeping, and the defendants, not for an itemized account of transactions between plaintiff and defendants.

From the nature of the case, it was manifestly impossible for plaintiff to comply with the demand, especially in view of the fact, that the testimony disclosed that plaintiff did not know that her husband was gambling with her money until months after she had given him the money.

Plaintiff's action is not based upon an account alleged in the complaint within the meaning of § 63 of the Code, and for this reason we are of the opinion that defendants were not entitled to the itemized statement demanded.

*Robbins v. Butler,* 13 Colo. 496; *Scott v. Frost,* 4 Colo. App. 557, are not in point, as those actions were based upon accounts between the parties alleged in the complaints.

Trial was to a jury, which returned a verdict in favor of plaintiff and against defendants and each of them, in the sum of $660.00, upon which judgment was entered.

The form of the verdict was:

"We, the jury, find the issues herein for the plaintiff, and we assess her damages by reason of the premises in the sum of six hundred and sixty ($660.00) dollars."

At the time the verdict was returned the following took place while the jury was still in the box:

"Upon the returning of said verdict the court said:

"I will ask counsel, if there is any objection to the court making inquiry of the jury, for the purpose

of ascertaining beyond any doubt, the question whether they intend by this verdict to render a verdict against each of the defendants?

"Mr. Gardner: I have no objection.

"Mr. Brown: I don't want to waive any of my rights in the case.

"The Court: Mr. Foreman, the court will ask you if you know whether it was the intention or purpose of the jury in signing this verdict, and returning the same into court, that it should be binding upon the defendants, and each of them?

"The Foreman: Both of them.

"Mr. Brown: To which we object.

"And thereupon the court inquired of each juror separately, if said verdict was intended to be a verdict against the defendants, James I. Lacey and Thomas Lacey, and each of them; to which inquiry each juror answered in the affirmative.

"The Court: Now, Mr. Jurors, have you any objection to your foreman inserting after the word 'plaintiff' 'and against the defendants and each of them.' So that your verdict will then read: 'We, the jury, find the issues joined herein for the plaintiff, and against the defendants and each of them; and we assess the damages by reason of the premises in the sum of six hundred and sixty ($660.00) dollars.' Have you any objection to that?

"The Foreman: No, sir.

"Mr. Brown: To which the defendants object.

"Objection overruled. Defendants except."

It was within the power of the court to request the jury, before leaving the box, to make the correction in the verdict which was made.—*Patrick Co. v. Skoman*, 1 Colo. App. 323; *Schoolfield v. Brunton*, 20 Colo. 139.

Appellants complain that the court did not instruct the jury as to the burden of proof, and did not

instruct the jury as to the meaning of the words "preponderance of the evidence."

No instructions were requested by appellants upon these points.

It is the settled rule of this court that mere non-direction by the court is not ground for a new trial, unless specific instructions, good in point of law, have been requested and refused.—*Brown v. People*, 20 Colo. 161; *Mining Co. v. Prentice*, 25 Colo. 4; *Denver Tramway Co. v. Lassasso*, 22 Colo. 444.

It is contended that the evidence does not support the verdict. This contention is without merit. The evidence shows that plaintiff gave to her husband, C. P. Bentley, at different times various sums of money, exceeding the amount of the verdict returned by the jury, to be held by him for her use and benefit; that defendants maintained a gambling house at Colorado City; that the husband frequented this gambling place and from time to time lost, at the game of roulette, sums of money in excess of the amount returned by the verdict of the jury; that the money so lost by the husband was the money of plaintiff.

There is no evidence in the record contradicting the above.

Defendants admit that the husband gambled in the place of business maintained by them, and that he lost large sums of money at the game of roulette, in their gambling place.

Practically the only issue submitted to the jury was the question whether one of the defendants who was solvent, or the other who was insolvent, won the money which the husband lost at gambling.

The evidence upon this point was conflicting. There was sufficient evidence presented to the jury to sustain the verdict rendered by them.

The verdict of the jury and the judgment rendered thereon cannot be disturbed.

There being no error in the record, the judgment will be affirmed.   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.