## Robert M. Hunt, Appellee, v. Illinois Southern Railway Company, Appellant.

1. MASTER AND SERVANT, § 98*—*how Federal Employers' Liability Act limited.* The application of the Federal Employers' Liability Act is limited to injuries occurring while the particular service in which the employee is engaged is a part of interstate commerce.

2. COMMERCE, § 4*—*what constitutes prima facie case that employee engaged in interstate commerce.* In an action under the Federal Employers' Liability Act, the fact that at the time of the injury sought to be recovered for, plaintiff was engaged in interstate commerce is prima facie proved by uncontradicted testimony that at such time plaintiff was engaged as employee of a railroad company in handling a train in which part of the cars were billed from a point in one State to a point in another State.

3. MASTER AND SERVANT, § 537*—*what counts declaration for damages for personal injuries sustained by employee engaged in interstate commerce may contain.* In an action by a freight conductor to recover for personal injuries sustained while handling one of defendant's trains, where a count of the declaration alleges facts sufficient as a basis for prima facie proof that at the time of the injury plaintiff was engaged in an interstate commerce

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

service, it is proper for plaintiff to include in his declaration counts alleging common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act so as to meet the evidence which may be offered at the trial, since defendant may at any time by its records, or other competent evidence, rebut such prima facie case.

4. MASTER AND SERVANT, § 537*—*when defendant need not object to declaration because containing several counts.* In an action by a freight conductor to recover for injuries, received while handling one of defendant's trains, defendant need not object to the declaration because it contains counts alleging common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act.

5. MASTER AND SERVANT, § 706*—*when question whether employee engaged in interstate commerce for jury.* In an action by an employee to recover for personal injuries where in different counts plaintiff alleges common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act, the question whether plaintiff at the time of the injury was engaged in an interstate commerce service must be submitted to the jury like other questions of fact where such question is raised, there being no question of election of remedies in such case.

6. MASTER AND SERVANT, § 706*—*when question whether employee engaged in interstate commerce for court.* In an action by an employee to recover for personal injuries, where in different counts plaintiff alleges common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act, the question whether at the time of the injury plaintiff was engaged in an interstate commerce service is a question of law where it is not disputed that plaintiff was so engaged at such time.

7. MASTER AND SERVANT, § 98*—*when Federal Employers' Liability Act affords exclusive remedy.* In an action by an employee. to recover for personal injuries sustained while engaged in an interstate commerce service, the Federal Employers' Liability Act controls, and a recovery cannot be had at common law or under a State statute, the Federal act being exclusive, and not cumulative.

8. TRIAL, § 91*—*when objection to admission in evidence of State statute based upon more than one ground.* In an action by an employee to recover for personal injuries where in different counts of his declaration plaintiff alleged common-law negligence, the violation of a State statute and of the Federal Employers' Liability Act, where defendant objected to the introduction of the State statute in evidence, "for the reason that those sections have no application to the case, and for the reason that this train was stopped and the engine cut off, etc.," *held* that the objection was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

based on two grounds: (1) that the statute had no application, and (2) that the train was stopped and the engine cut off, etc.

9. MASTER AND SERVANT, § 599*—*when State statute incompetent as evidence in action by servant for damages for personal injuries.* In an action by an employee to recover for personal injuries, where in different counts plaintiff alleged common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act, and where there was no doubt of the application of the latter act under the evidence, *held* that an objection to the admission of the State statute in evidence should have been sustained, such evidence being incompetent as the statute had no application, the Federal act exclusively applying in such case.

10. TRIAL, § 247*—*when verdict will be set aside because of instruction on bad counts.* The rule that a verdict will not be set aside when supported by one good count in a declaration does not apply where the court gives an instruction on bad counts which would authorize a verdict on such counts which would have been erroneous.

11. APPEAL AND ERROR, § 573*—*when exceptions as to instructions preserved for review.* Exceptions not taken at the time of the giving of an erroneous instruction are preserved for review where the giving of such an instruction is assigned as error on a motion for a new trial.

12. APPEAL AND ERROR, § 1560*—*when refusal of instructions not reversible error.* Where a declaration charging negligence contains both good and bad counts, the refusal of instructions to find defendant not guilty under the bad counts is not reversible error, although such instructions might properly have been given.

13. MASTER AND SERVANT, § 799*—*when instruction on liability of master under Federal and State statute erroneous.* In an action by an employee to recover for personal injuries, where in different counts plaintiff alleged common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act, and the application of the latter statute was clear under the evidence, an instruction that if the jury found that defendant had violated the State statute declared on and that such violation had caused the injury sought to be recovered for, a verdict of guilty might be found under the count charging such violation, *held* error since the jury might infer that if they found that defendant had not violated the Federal statute they might find defendant guilty if they also found that defendant had violated the State statute.

14. APPEAL AND ERROR, § 1478*—*when admission in evidence of foreign laws reversible error.* In an action by an employee to recover for personal injuries, where in different counts plaintiff alleged common-law negligence, a violation of a State statute and

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the Federal Employers' Liability Act, and there was no doubt of the application of the latter act, the admission of evidence of the State statute declared on *held* reversible error.

15. MASTER AND SERVANT, § 770*—*when not error to refuse peremptory instruction.* In an action by an employee against the master to recover for personal injuries, it is not error to refuse a peremptory instruction to find defendant not guilty where sufficient facts are in dispute as to how the injury occurred.

16. MASTER AND SERVANT, § 706*—*when question as to master's liability properly submitted to jury.* In an action by an employee to recover for personal injuries sustained while plaintiff was engaged as a freight conductor in setting out cars from his train to a siding, as required by defendant's train order, where the declaration contained a count alleging a violation of the Federal Employers' Liability Act, and the application of such act was clear under the evidence, *held* that the case was properly submitted to the jury, there being disputed questions of fact as to the control of the track where the accident occurred, and as to whether a coupling was defective, uncoupled or broken.

17. WITNESSES, § 224*—*when witness may be examined as to written statements.* It is not error to refuse to permit cross-examination of a witness as to statements made by him in writing where the record does not show the statement claimed to have been made.

18. EVIDENCE, § 153*—*when exhibition in evidence of bones permissible.* In an action to recover for injuries to plaintiff's spine caused by being thrown from a car and falling a distance of 37 feet, which injury resulted in temporary paralysis of plaintiff's legs, *held* that the exhibition in evidence of the fourth and fifth lumbars of the spinal column was properly permitted.

19. EVIDENCE, § 151*—*when explanation of X-ray pictures proper.* In an action to recover for injuries to plaintiff's spine, explanation of X-ray pictures of the injury *held* proper.

## On Rehearing.

1. MASTER AND SERVANT, § 98*—*when employee deemed to rely on Federal Employers' Liability Act.* In an action by an employee to recover for personal injuries, where counts in the declaration allege a violation of a Federal statute and where it is not clear whether plaintiff relies on the Federal Employers' Liability Act, or the Federal Safety Appliance Act, a separate statute, plaintiff of necessity relies on the former, since such act regulates and controls the liability of the employer to the employee, whether the employer has violated the Safety Appliance Act or has been guilty of general negligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hunt v. Illinois Southern Ry. Co., 196 Ill. App. 539.

2. MASTER AND SERVANT, § 98*—*when remedy provided by Employers' Liability Act exclusive.* The remedy provided by the Federal Employers' Liability Act for injuries to an employee while engaged in an interstate commerce service is exclusive and supersedes all remedies provided by State legislation.

3. MASTER AND SERVANT, § 98*—*when remedy provided by Employers' Liability Act exclusive.* In an action to recover for personal injuries sustained by plaintiff while working as a freight conductor, the Federal Employers' Liability Act applies exclusively where it appears by uncontradicted testimony that in plaintiff's train at the time of the injury there were cars billed from a point in Illinois to a point in Missouri.

4. APPEAL AND ERROR, § 369*—*when not necessary that question of exclusion of application of State statute by Federal statute be raised in trial court.* In an action by an employee to recover for personal injuries, where in different counts plaintiff alleged common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act, it is not necessary that the question of the exclusion of the application of the State statute by the Federal statute be raised at the trial in order to enable defendant to raise such question on review, since if it appeared at the trial that at the time of the injury plaintiff was engaged in an interstate commerce service, the Federal act would apply and supersede the State legislation.

5. COURTS, § 150*—*when immaterial that Appellate Court misconstrued decision of Supreme Court.* It is unimportant on rehearing whether the Appellate Court misconstrued an opinion of the Supreme Court where the Supreme Court in a case later than that on which the Appellate Court based its decision used language confirming the construction given to the former case by the Appellate Court.

6. COMMERCE, § 5*—*when Federal law exclusive.* Wherever Congress sees fit to legislate concerning interstate commerce, its legislation is exclusive.

7. COMMERCE, § 5*—*when jurisdiction of Congress exclusive.* In an action by an employee to recover for personal injuries where in different counts plaintiff alleges common-law negligence, a violation of a State statute and of the Federal Employers' Liability Act, it is immaterial that the act alleged to have caused the injury be a violation both of the Federal act and the State act, it appearing that at the time of the injury plaintiff was engaged in an interstate commerce service, since in such case the jurisdiction of Congress is exclusive when once it acts.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed May 1, 1915. Rehearing granted and opinion filed December 1, 1915.

R. J. GODDARD and KAGY & VANDERVORT, for appellant.

J. J. BULLINGTON and HOLT & WILSON, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

The original declaration filed in this case consisted of five counts. The first two counts based upon the common-law duty of appellant to furnish appellee with a reasonably safe place to work and to keep the switch and side tracks upon which he had orders from appellant to place cars free from obstructions. The third count was based upon the statute of Missouri and the statutory duty of appellant to equip its cars in accordance with the statute. Demurrer was sustained to these three counts and appellee, by leave of the court, filed three amended counts in lieu thereof.

The first two amended counts are founded on the common-law duty of appellant to furnish appellee a reasonably safe place to work, a switch and side track, upon which he was ordered to place cars, so that the cars might pass over without endangering life or limb of appellee, and charging that appellant disregarded its duty and negligently and carelessly permitted a wire to extend along and over and in close proximity to the side or switch track aforesaid and to swing along in close proximity and against the cars of appellant as they moved along upon said switch or side track, by means whereof, while appellee was in the performance of his duty in pursuance to orders given him by appellant and while in the exercise of due care, was caught by the wire and thrown from said train

into a ravine some 37 feet below, by reason of which he sustained serious and permanent injury; and that he sustained damages in the amount of $25,000.

The third amended count of the declaration was based upon a Missouri statute, making it the duty of appellant to equip its locomotive engine with power drive wheel brakes and fully and properly equip air brake appliances so that the engineer operating locomotives could fully and completely control the air brakes on the cars attached to the said locomotive engine without recourse to the hand brakes so that at least seventy-five per cent. of the cars composing such train should be equipped with air or power brakes, and that appellant neglected its duty in this behalf by reason whereof appellee was required to go on the moving cars and while exercising due care was injured in the manner as charged in the first two amended counts.

The fourth and fifth counts of original declaration charged appellant with the duty of equipping its train in accordance with the Federal statute in regard to power wheel brakes and appliances for the operation of train and brake system and to equip the train with automatic coupling, continuous brakes, etc., so that not less than fifty per cent. of the cars of such train would have their brakes used and operated by the engineer engaged in moving the cars so associated together and trains of cars without requiring the use of hand brakes for that purpose, and not to move or operate the said cars or trains of cars, or the standing cars on its railroad track, switch or side track being used by appellant without being equipped as aforesaid. That said train of cars was being used in moving interstate traffic, being hauled and conveyed from points in State of Illinois to points in State of Missouri but that appellant neglected its duty in this behalf by reason whereof appellee, while obeying orders of appellant, and in the exercise of due care, was seriously and

permanently injured in manner as charged in first two amended counts.

To this declaration appellant filed plea of general issue and the trial proceeded to the offering of evidence by appellant, when by leave of court appellant filed four special pleas. A demurrer was sustained to the third special plea. The other three averred in substance:

First. That track where injury occurred was not the track of appellant, nor under the control of appellant; that the wire that caused the injury was not the wire nor under the control of appellant.

Second. That the track on which injury occurred was the track of the St. Louis Smelting Company.

Third. That appellant did not own, use or operate railroad and bridge over Flat River and for more than 1,000 feet on either side of said River, and did not have permission to use its cars on or over same.

A trial upon the issues so joined resulted in a verdict in favor of appellee for $10,000. Motion for new trial overruled, judgment on verdict, and this appeal.

Some of the undisputed facts are: That appellee, a man thirty-two years of age at the time of the trial, entered the service of appellant as train conductor in July, 1912. That he was at that time and prior to the accident had been a man in good health and physically able to perform manual labor; that the railroad of appellant extends from Salem, Illinois, to Bismark, Missouri, with a branch line to Chester, Illinois. That appellee did in the handling of trains for appellant have charge of trains containing cars whose destination was from points in Illinois to points in Missouri and vice versa. At the time of the injury appellee left Little Rock yards at 8:30 p. m., September 16, 1912, in charge of a train which had three cars of coal destined from a point in Illinois to Bismark, Missouri. That appellee at Little Rock yards, which is St. Genevieve, Missouri, had seventeen empties, known as

"chat cars" destined to what was known as the "National switch" at Flat River, Missouri. That about 7:30 p. m. of said day appellee received from appellant a message as follows: "Conductor Extra 312 South leave your chat empties on National switch." That appellee arrived with his train at the National switch, Flat River, Missouri, at about 11:45 p. m., of said day. The chat cars were next to the caboose. The caboose was cut off on the main track and the train was pulled down over the switch leading to the National switch. The rear brakeman Merritt, under instructions of appellee, walked back to see if switches were properly set and if there were any cars there. There were cars standing on the main line of this National switch. There was also behind these chat cars a car with an iron tank chained to the rails. About five car lengths from where the National switch leaves the main track of appellant, there is another switch which will hold twelve or fourteen cars, and on that siding there was about twelve to fourteen loads of chat, but by lining the switches for this siding they could shove around the car that was chained to the rail. The brakeman made a coupling at the end of the cars next to the tracks of appellant on the siding. Appellee walked to rear end of the cut of cars and gave the back up signal for them to couple up. The brakes were set on the loads and the engine could not shove them back. Appellee and rear brakeman commenced releasing brakes on these loads. There was not room to place seventeen cars on the National switch without moving the cars on the siding of the National switch. The engineer to move this train of cars started all cars forward, then in a quarter or a half car length reversed his engine and got them to moving back to the National switch. Appellee moved to rear end of train and the train was then moving towards National Lead Company's mine rapidly. Appellee commenced to set brakes. At that time the cars were on the track leading to the bridge

or trestle. Appellee moved to the side of the car, and was looking west when a wire over the left shoulder began to draw down and forced appellee to lose his grip and fall 37 feet over the bridge or trestle into the bed of Flat River. That he suffered an injury causing pain and for a time the lower limbs were paralyzed.

The National switch, as it is designated, is composed of a main line and side track used as interchange tracks between appellant and the St. Louis Smelting and Refining Company, a company having a place of business near Flat River, and a railroad operated by electricity and steam over the bridge and trestle mentioned at Flat River. The ownership and possession of these tracks, their location and distances are not in dispute. The dispute arises over the right or the fact whether or not appellant, its servants and employees were confined in their work to the interchange tracks or whether or not when the interchange tracks were full they could and did use the line being a continuation of the siding between the two tracks across the bridge, appellant contending the employees had no such privilege and appellee insisting they did. About 200 feet from where the switch track leaves the main line of appellant there is a siding branching off from the switch track for a distance of 1080 feet and then connects with it again and the switch track with the line of Smelting Company 753 feet east of the bridge in question. There is about a two per cent. downward grade towards bridge from east and about four per cent. grade towards bridge from the west. That the cars in question were backed by the engine and train from this siding on to the switch track and from the switch track on the track in the use of Smelting Company over the bridge. That there were trolley wires over this line over the bridge and telephone wires along said line connecting the smelting works with the depot of appellant at Flat River. That the telephone wires

were not in use at the time in question and were out of repair.

The assignment of errors argued by appellant are:

First.    That it is not denied that appellant was operating an interstate railroad and that appellee was at the time engaged in interstate commerce; that the Federal Employer's Liability Law of 1908 took possession of the field to employees engaged in interstate transportation by rail and all State laws are superseded.

Second.    That it was error to admit in evidence the statute of the State of Missouri and to incorporate it in an instruction directing a verdict.

Third.    There is no liability on the part of appellant in this case for the reason that the engine and the cut of cars making this switching movement came to a full stop and were uncoupled by the brakeman, permitting them to roll down the steep incline.  There was no speed to control.  The engine and cars attached to it were standing still.

Fourth.    Errors in admitting and refusing to admit evidence.

Fifth.    Errors in giving and refusing instructions.

The first, second and fifth assignments of error argued by appellant were so closely associated together during the trial of this case and in the application of the law under the other assignments so that we may consider them as one.  We will discuss and consider them first, as to the relation of the application of the Federal Employer's Liability Law and the Missouri Safety Appliance Act both pleaded in the same declaration.  The jury instructed upon both statutes while under the evidence the employment in which appellee was engaged was interstate and not in dispute.

The provisions of the Federal Employers' Liability Act are limited to injuries occurring while the particular service in which the employee was engaged was a part of interstate commerce.  (*Illinois Cent. R.*

*Co. v. Behrens,* 233 U. S. 473, 10 N. C. C. A. 153.)
That the employee of a railroad company in the handling of a train in which it is admitted are three cars, among those being then moved, which were then engaged in interstate commerce, is a prima facie case made by uncontradicted testimony of the fact that appellee was then engaged in interstate commerce. (*Devine v. Chicago, R. I. & P. Ry. Co.,* 266 Ill. 248.)

Appellant with its records or any competent evidence could have met this prima facie case and raised the question of fact whether or not appellee was at the time engaged in interstate or intrastate commerce. Therefore while appellee might properly file a declaration to meet the evidence, whatever it might be, the appellant was not bound to make objections to the declaration for that reason. It is not a matter of election, if it becomes a question of fact, it is to be submitted as any other question of fact. If, however, as in this case, it is not a matter of dispute but admitted it is a question of law, and the injury occurring in interstate commerce, the Federal act controls and a recovery cannot be had under the common or statute law of this State; the Federal act is exclusive and not merely cumulative. (*Wabash R. Co. v. Hayes,* 234 U. S. 86, 6 N. C. C. A. 224; *Seaboard Air Line R. Co. v. Horton,* 233 U. S. 492, 8 N. C. C. A. 834; *Devine v. Chicago, R. I. & P. Ry. Co.,* 266 Ill. 248.)

The contention of appellee that both the Federal and Missouri acts are in force at one and the same time and a suit and a recovery may be had under either act on the same state of facts is based upon the case of *Luken v. Lake Shore & M. S. R. Co.,* 248 Ill. 385. There is no conflict between this case and the authorities heretofore cited. In the last case the question being considered by the court was whether or not the statute of the State being in harmony with the Federal act could be considered when the injury complained of occurred while the party injured was engaged in intrastate com-

merce on a railroad that was engaged, generally, in interstate commerce. It is necessary to consider the contention of appellee that appellant did not in the trial court raise the questions here urged as grounds for reversal.

We have heretofore referred to the fact that it was not necessary or proper for appellant to raise objections to the declaration on the ground alone that there was joinder of counts under the Federal act, Missouri act and common-law duty. Appellee made the proof of this train handling, at the time, interstate business. Appellee offered the Missouri statute in evidence. Appellant objected to the offer in the following language: "Objected to by defendant for the reason that those sections can have no application to this case; for the reason that this train was stopped and the engine was at the time completely cut off from the rest of the train when these cars started to rolling; there is no doubt about the facts in this case now." Appellee insists that this objection is limited to the ground that the train was stopped and engine cut off. As we read the objection it is based first on the ground the statute has no application, and second on the ground the train was stopped and engine cut off. There was no doubt about the application of the Federal law from the evidence. The Missouri statute had no application, was incompetent, and the objection should have been sustained.

The argument of appellee that a verdict will not be set aside if supported by one good count does not apply, especially when the court gave an instruction for appellee based upon the Missouri statute and directing a verdict which under the admitted facts was error. Exceptions were duly preserved to the giving of this instruction and assigned as error in the motion for new trial. (*Patry v. Chicago & W. I. R. Co.*, 265 Ill. 310.)

Appellee asked and the court gave instruction for appellee Number 3 (which is too long to be copied into

this opinion), based upon the third amended count and in which the Missouri statute is set out at length, and the jury are told that if they believe from the evidence appellant had violated that statute and appellant's negligence in that regard had caused the injury they may find appellant guilty under third amended count.

The appellant offered, with other instructions, a separate instruction under each count to find the defendant not guilty, which were refused. The offer of these instructions at this time, while they should have been given as to the three amended counts, there being left two good counts to support a verdict, would not be reversible error. However, the giving of appellee's third instruction based upon a count under the admitted facts that would not support a verdict, the jury might believe appellant had not violated the Federal law but had violated the Missouri law, and if so they were told to find appellant guilty. We are of opinion that the giving of this instruction was error.

The errors in admitting in evidence the Missouri statute and the giving of appellee's instruction No. 3, based upon the Missouri statute, were reversible errors.

The third error argued by appellant is in effect that the court committed error in not giving the peremptory instruction. There were sufficient facts in dispute as to how this injury occurred, who had control of the line where the injury occurred, and whether the coupling was defective, uncoupled or broken, to be submitted to the jury.

The fourth contention, errors in admitting evidence but two are argued. That the court refused to permit cross-examination of witness Merritt as to statements made by witness in writing. The record does not disclose what the statement was that appellant claimed was made, and without such showing the court's ruling on the same was not error. The evidence offered by appellee, the exhibition of the fourth

and fifth lumbar of the spinal column and the explanation of the X-ray pictures, were properly permitted and admitted.

The importance of this case and the principles involved require an accurate application of the law. .

Therefore for and on account of the errors sustained, the judgment will be reversed and cause remanded.

*Reversed and remanded.*

Mr. Justice McBride took no part in the consideration and decision of this case.

Opinion on Rehearing by Mr. Justice Boggs.

The petition for rehearing was granted in the above entitled cause and said cause was reargued by counsel for both parties, and said cause was reconsidered by the court.

It was urged by appellee in his petition for rehearing, first, that the court had misunderstood the pleadings in the case and had overlooked the fact that the Federal Employers' Liability Act was not pleaded, and that this act was not relied on. Also, that appellee in the fourth and fifth counts of his original declaration based his cause of action upon the Federal Safety Appliance Act, and that this is a separate act from the Federal Employers' Liability Act. We think, however, that appellee in the fourth and fifth counts of his declaration must, of necessity, rely on the Federal Employers' Liability Act, for these two counts charge in effect that appellant was engaged in interstate commerce.

This act regulates and controls the liability of the employer to the employee, whether the employer has violated the Federal Safety Appliance Act or whether the charge is one of general negligence. Its jurisdiction is exclusive and supersedes all State legislation.

Second. It is contended that the Missouri Safety

Appliance Act was properly admitted in evidence. The evidence in this case is that appellee was engaged, at the time of his injury, in interstate commerce. Appellee testified that in the train in question were billed three cars of coal from a point where the Iron Mountain crosses the Illinois Southern in the State of Illinois, destined to Bismark in the State of Missouri, and that these three cars were in that part of the train engaged in making the move at the time the appellee claims he was injured. There was no evidence to dispute his testimony on this question. That being true, the Federal Employers' Liability Act would apply, and would be exclusive. (*Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146, 3 N. C. C. A. 779; *Southern R. Co. v. Railroad Commission of Indiana*, 236 U. S. 439.)

Third. Appellee also contends that the question of the application of either of the Federal acts to the exclusion of the State act was at no time considered during the trial. We do not understand this to have been necessary. If it developed on the hearing that appellant was engaged in interstate commerce, then the Federal Employers' Liability Act would apply and would supersede any State legislation in connection therewith. The record, however, shows that objection was made to the introduction of the Missouri statute on the trial which raised the question, were it necessary to be raised.

Fourth. It is also contended by appellee that the court misapprehended the case of *Luken v. Lake Shore & M. S. R. Co.*, 248 Ill. 385. We do not believe that the opinion heretofore rendered by the court in connection with the case at bar is subject to this criticism. However that may be, our Supreme Court in the recent case of *Staley v. Illinois Cent. R. Co.*, 268 Ill. 356, in reviewing its former opinions, and also the opinions rendered by the United States Supreme Court, touching the jurisdiction of Congress to legislate on the relations of employer and employee where engaged in

interstate commerce, holds conclusively that once Congress has undertaken to legislate in connection with this matter, that its jurisdiction becomes exclusive. So whatever may be said with reference to the holding of the court in the *Luken* case, *supra,* there can be no question in regard to its position in the case of *Staley v. Illinois Cent. R. Co., supra.* This latter case sets at rest the position of our Supreme Court in regard to the exclusive jurisdiction of Congress in reference to matters connected with interstate commerce. Whenever Congress sees fit to legislate in regard thereto, its legislation is exclusive.

Appellee's fifth contention is that the failure of appellant to equip its cars was a violation of both acts; that is, a violation of the Federal law and of the Missouri law. What we have said heretofore in regard to the exclusive jurisdiction of Congress when once it has acted covers this objection, and instruction No. 3, given on behalf of appellee, authorizing the jury to find for the plaintiff, basing appellant's liability on the Missouri statute, was erroneous, the evidence of appellee showing conclusively that he at that time was engaged in interstate commerce.

We adhere to our former opinion and order the same filed together with this additional opinion as the opinion in the case. Said cause is reversed and remanded for further proceedings, not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. JUSTICE MCBRIDE took no part in the hearing of said cause.