(July 5, 1923.)

# W. F. LUTYEN, Respondent, v. S. W. RITCHIE, Appellant.

[218 Pac. 430.]

COMPLAINT—DEMURRER FOR AMBIGUITY AND UNCERTAINTY—INCONSISTENT CAUSES OF ACTION — IMPLIED CONTRACT — USE AND OCCUPATION—MEASURE OF DAMAGES—INSTRUCTIONS—VERDICT.

1. A demurrer to a complaint on the grounds of ambiguity, uncertainty or unintelligibility should point out specifically in what respect the ambiguity, uncertainty or unintelligibility exists, or it may be disregarded.

2. Where a complaint is palpably ambiguous and uncertain upon its face, it is not error to sustain a demurrer thereto on the grounds of ambiguity and uncertainty, without further specification.

3. Where one occupies the land of another without any agreement as to the payment of rent, an implied contract arises to pay the fair and reasonable value of the use thereof.

4. In such a case, it is erroneous to confine the measure of damages to a share rental value, where there is evidence of other standards of rent.

5. An instruction which takes from the jury a disputed question of fact, where the evidence is conflicting, is erroneous.

6. A general verdict, where there are two inconsistent causes of action, should specify on which cause the verdict is based.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to recover rent. From judgment for plaintiff, defendant appeals. *Reversed* and *remanded*, with instructions.

Bissell & Bird, for Appellant.

The demurrer to the second cause of action should have been sustained on the ground that the same is ambiguous, unintelligible and uncertain. (*Brown v. Bledsoe*, 1 Ida. 746; *Phy v. Selby*, 35 Ida. 409, 207 Pac. 1077; *Call v. Coiner*, 35 Ida. 577, 207 Pac. 1076.)

The demurrer to the whole complaint should have been sustained on the ground that there is a misjoinder of inconsistent causes of action contrary to our statutes. (C. S., sec. 6688; *Kloepfer v. Forch,* 32 Ida. 415, 184 Pac. 477; *Phy v. Selby, supra; Price v. Mutual etc. Ins. Co.,* 107 Md. 374, 68 Atl. 689; *Call v. Coiner, supra; Stark v. Wellman,* 96 Cal. 400, 31 Pac. 259; *Boulden v. Thompson,* 21 Cal. App. 279, 131 Pac. 765; *Smith etc. Co. v. Eckert,* 21 Ariz. 28, 7 A. L. R. 995, 184 Pac. 1001; *Allen v. People's Amuse. Co.,* 85 Or. 636, 167 Pac. 272; *Clark v. Great Northern R. Co.,* 31 Wash. 658, 72 Pac. 477; *Ramirez v. Murray,* 5 Cal. 222; *Gabrilson v. Hague Box Co.,* 55 Wash. 342, 133 Am. St. 1032, 104 Pac. 635.)

Instruction No. 23 adopts the wrong measure of damages, in that it permits the jury to measure the damages for the occupation of land by the crops produced, while the proper measure is the reasonable rental value of the land. (*Call v. Coiner, supra.*)

Where recovery can be had upon only one of two inconsistent causes of action, and the jury returns a general verdict for the plaintiff, and it cannot be determined upon which of said causes the same is based, the judgment entered on such verdict must be set aside. (*St. Louis etc. Ry. Co. v. Farmers' etc. Gin Co.,* 34 Okl. 270, 125 Pac. 894; *Chase v. Knabel,* 46 Wash. 484, 90 Pac. 642, 12 L. R. A., N. S., 1155; *Wrought Iron Range Co. v. Zeitz,* 64 Colo. 87, 170 Pac. 181; *Denver etc. Co. v. Schafer,* 58 Colo. 376, 147 Pac. 367; *Patton v. Wells,* 121 Fed. 337, 57 C. C. A. 551; *Warner v. Thomas etc. Works,* 105 Cal. 409, 38 Pac. 960; *Goodell v. Pope-Shenon Mining Co.,* 36 Ida. 427, 212 Pac. 342.)

James & Ryan, for Respondent.

Occupation and use of premises with the owner's consent without any agreement for the payment of rent creates an implied promise to pay the reasonable rental value thereof. (*Von Padua v. American Type Founder's Co.,* 32 Ida. 710, 187 Pac. 793; *Call v. Coiner,* 35 Ida. 577, 107 Pac. 1076;

24 Cyc. 1139; *Gunn v. Scovil*, 4 Conn. (Day) 228, 4 Am. Dec. 208; *Fitzgerald v. Beebe*, 7 Ark. 305, 46 Am. Dec. 285 (note); *Dwight v. Cutter*, 6 Mass. 142, 64 Am. Dec. 105; 39 Cyc. 851, 852; *Hidden v. Jordan*, 57 Cal. 184; 39 Cyc. 868, 870; *Richmond Wharf etc. Co. v. Blake*, 181 Cal. 454, 185 Pac. 184; *Nathan v. Crouse*, 24 Colo. App. 32, 131 Pac. 287; *Leyson v. Davenport*, 38 Mont. 62, 98 Pac. 641; *Bank of Sun City v. Neff*, 50 Kan. 506, 31 Pac. 1054.)

Objection that complaint is ambiguous, unintelligible or uncertain is waived unless raised by special demurrer pointing out wherein and in what particulars the complaint is ambiguous, unintelligible or uncertain. (*Naylor v. Vermont Loan & T. Co.*, 6 Ida. 251, 55 Pac. 297; *Younie v. Blackfoot etc. Water Co.*, 15 Ida. 56, 96 Pac. 193.)

Demurrer for misjoinder of causes of action which does not specify wherein misjoinder exists is insufficient. (*O'Callaghan v. Bode*, 84 Cal. 494, 24 Pac. 269; *Healy v. Visalia & T. R. Co.*, 101 Cal. 585, 36 Pac. 125; *Green v. Taney*, 7 Colo. 278, 3 Pac. 423; *Owen v. Oviatt*, 4 Utah, 95, 6 Pac. 527.)

The court should disregard any immaterial errors in the pleadings which do not affect the substantial rights of the parties. (Sec. 6728, C. S.; *Independent etc. Co. v. Knauss*, 32 Ida. 269, 181 Pac. 701.)

Error in overruling a demurrer for misjoinder of causes of action is immaterial if it does not affect the substantial rights of the parties (*Angell v. Hopkins*, 79 Cal. 181, 21 Pac. 729; *Reynolds v. Lincoln*, 71 Cal. 183, 9 Pac. 176, 12 Pac. 449; 1 R. C. L. 368.)

GIVENS, Commissioner.—Plaintiff, respondent, in his first cause of action sued for $2,700 and interest from October 1, 1917, on an implied contract to pay rent, growing out of the occupation from 1913 to 1917 of respondent's land by defendant and appellant, there being no agreement for the payment of rent. There was no allegation that the $2,700 rent was based upon a cash or share rental basis, or as to the custom upon which rents were based in that community,

the only allegation being that the use and occupancy was reasonably worth that sum.

Respondent in his second cause of action alleged an implied contract to pay rent for appellant's occupancy of respondent's premises, permission having been given therefor, because of appellant's fraud and deceit in not having advised respondent, after having agreed to do so, of the true condition of the land and the crops grown thereon. In the second cause of action, respondent alleges a custom in that community to pay rent in one-half the value of the crops grown, and sets forth the value of the crops grown for each respective year from 1913 to 1917, inclusive.

Appellant filed general and special demurrers, the latter upon the ground of ambiguity, uncertainty and unintelligibility, and because two causes of action were improperly joined. The demurrers were overruled and appellant answered, alleging as to the first cause of action that respondent had given appellant permission to occupy the land under an agreement that appellant would not be obliged to pay rent therefor, and further denying that $2,700 was the reasonable worth of the occupancy of said premises.

As to the second cause of action, appellant alleged a mutual settlement between the parties, and that appellant was to clear, fence and crop the land for respondent and receive as compensation for his work the crops therefrom, respondent to pay the actual cost. Further, by way of affirmative defense, appellant claimed lawful possession of the land, denied that he had deceived respondent as to the true condition of the land or the crops grown thereon, denied that the customary rental of lands in that vicinity was one-half of the crop, but admitted that it was one-fourth of the crop, denied the amount of crop alleged by respondent to have been grown upon the lands, and alleged that on a rental basis of one-fourth of the crop the reasonable rental value would be only $597.50. The appellant also filed a cross-complaint, asking for reimbursement for certain and various sums which he alleged he had spent for and on behalf and for the benefit of the respondent in the improve-

ment of the land in question. The respondent denied the cross-complaint.

The jury returned a verdict as follows:

"We, the jury, being first duly sworn and empanelled in the above-entitled cause, find for the plaintiff and assess his amount of recovery as follows:

"For the year 1913, $1.00, with interest at 7% per annum, from October 1, 1913.

"For the year 1914, $1.00, with interest at 7% per annum, from October 1, 1914.

"For the year 1915, $100.00, with interest at 7% per annum, from October 1, 1915.

"For the year 1916, $200.00, with interest at 7% per annum, from October 1, 1916.

"For the year 1917, $400.00, with interest at 7% per annum, from October, 1917."

Appellant assigns as error the refusal of the court to sustain appellant's demurrers, the giving of two instructions, the insufficiency of the evidence, and that the verdict being general, did not designate upon which cause of action the same was based.

Appellant's demurrer did not specify wherein the complaint was ambiguous, uncertain or unintelligible, and the general rule under C. S., sec. 6690, is that such demurrer must distinctly specify the grounds upon which the objections to the complaint are taken, or it may be disregarded. (*Jacobs v. Union Mercantile Co.*, 17 Mont. 61, 42 Pac. 109; *Berry v. French*, 24 Colo. App. 519, 135 Pac. 985; *Stephens v. Parvin*, 33 Colo. 60, 78 Pac. 688; *Lacey v. Bentley*, 39 Colo. 449, 89 Pac. 789; *Yolo Co. v. City of Sacramento*, 36 Cal. 193; *Sharpleigh Hardware Co. v. Knippenberg*, 133 Cal. 308, 65 Pac. 621; *Younie v. Blackfoot Light & Water Co.*, 15 Ida. 56, 96 Pac. 193; *Naylor v. Vermont Loan etc. Co.*, 6 Ida. 251, 55 Pac. 297.) In the case at bar, however, there is such inconsistency between the two causes of action, and they are hence so uncertain and ambiguous, that it would not have been error to sustain the demurrer, and in the event respondent does not file a remission in compliance

with the last paragraph of this opinion, and the cause is re-tried, the trial court should sustain the demurrer, granting respondent leave to amend.

Instruction No. 23, as given by the court, was as follows:

"You are instructed that in an action for the use and occupancy of land the amount which the owner can recover is limited to its reasonable rental value, and that such reasonable rental value cannot be measured by the amount of crop, if any, produced upon said land, but that in any event all the plaintiff in this case would be entitled to recover is the reasonable share rental value of said land, in cash, for the time alleged in the complaint, and that this share rental value can only be established upon proof of the share rental value of like lands in the neighborhood for the time in question."

Appellant's theory was that the basis for the fair and reasonable value of the use and occupancy was a cash rental. Respondent's theory was that a share rental would be the basis. In the first cause of action, respondent did not allege that the proper basis was share rental, hence there was no obligation upon appellant to deny the same. In the second cause of action, respondent alleged that share rental was the proper basis, alleging one-half to be the correct proportion. Appellant admitted that one-fourth was the correct proportion, but denied any liability. Evidence was introduced without objection, both through cross-examination of respondent's witnesses by counsel for appellant and otherwise, showing the amount of cash rent paid in a few instances upon similar lands in that neighborhood. If instruction No. 23 was correct, this evidence was improperly admitted; if the evidence was properly admitted, the instruction was incorrect.

The law is well settled that where land is occupied without any express agreement as to the compensation to be paid therefor, there is an implied agreement that the person so occupying and using the land will pay therefor the fair and reasonable value of such use and occupation. (*Leyson v. Davenport,* 38 Mont. 62, 98 Pac. 641; *Nathan v. Crouse,* 24

Colo. App. 32, 131 Pac. 287; *Richmond Wharf & Dock Co. v. Blake,* 181 Cal. 454, 185 Pac. 184; 24 Cyc. 1139.) This fair 'or reasonable value may be determined, among other methods, by what are fair and reasonable rental values in that neighborhood for similar lands similarly situated, and this fair and reasonable value may be based either upon a cash rental or a share rental. (*Baldwin v. Bohl,* 23 S. D. 395, 122 N. W. 247; *Southern Pac. Land Co. v. Meserve,* 186 Cal. 157, 198 Pac. 1055; *Drennan v. Harris* (Okl.), 161 Pac. 781; *Sherwood v. McLaurin,* 103 S. C. 370, 88 S. E. 363; 39 Cyc. 868.) The jury should not have been restricted to either, but should have been properly instructed that they might consider both, and determine which was the prevailing custom and from that deduce the reasonable value of the use and occupation of the land. (*Call v. Coiner,* 35 Ida. 577, 207 Pac. 1076.)

Instruction No. 26 as given by the court was as follows:

"You are instructed, gentlemen of the jury, that the plaintiff is seeking to recover rent, upon two causes of action, and that if he proves the allegations of either cause of action he is entitled to a verdict at your hands. So that if you find upon the first cause of action that there was no agreement between the parties that Ritchie was to have the use of the land from 1916 to 1917 inclusive for nothing, you must find for plaintiff. On the other hand, if you find against the plaintiff on his first cause of action, you should find for him on his second cause of action if you believe from the evidence that the defendant agreed to keep the plaintiff informed as to the condition, value or quality of the crops growing on plaintiff's land and failed to do so, or if you find that the defendant fraudulently concealed from the *defendant* (plaintiff) the value or condition of the crops growing on plaintiff's land, and you find that because of such failure to inform or concealment the plaintiff lost the rent from such land."

This instruction restricted the jury in their consideration of whether there was an agreement between the parties that appellant was to pay no rent, to the years 1916 and 1917.

The rent claimed covered the period between 1913 and 1917, inclusive. The agreement or lack of agreement between the parties was a disputed question of fact, raised by the pleadings, and the jury having returned a verdict in a substantial amount for the year 1915, and the total amount asked for exceeding the amount which the appellant admitted by his pleadings was a reasonable share rental value for the period covered, though not admitting any liability, this instruction was erroneous, as withdrawing from the jury issues of fact pertaining to a portion of the disputed period.

While it was perhaps not reversible error that the verdict did not specify on which cause of action it was based (*In re Hellier's Estate,* 169 Cal. 77, 145 Pac. 1008), in view of the different amounts claimed by respondent in his two causes of action, and the two causes of action being inconsistent, it should have so specified. (*St. Louis & S. F. Ry. Co. v. Farmers' Union Gin Co.,* 34 Okl. 270, 125 Pac. 894; *Chase v. Knabel,* 46 Wash. 484, 90 Pac. 642, 12 L. R. A., N. S., 1155; *Wrought Iron Range Co. v. Zeitz,* 64 Colo. 87, 170 Pac. 181.) The verdict was for more than appellant had admitted was a fair share rent. There was evidence of a cash rental basis less than the share rent basis. The erroneous instruction No. 23 confining the measure of damages to a share basis must have been followed, hence the verdict was based upon an erroneous instruction. (*Hunt v. Illinois So. Ry. Co.,* 196 Ill. App. 539; *Lichtenstein v. Belknap,* 100 Misc. Rep. 468, 165 N. Y. Supp. 936.)

"The plaintiff having stated his case in separate counts in his petition, each count purporting to state a separate and distinct cause of action, the verdict on each count must be sustained by the evidence in the same manner and to the same degree as though they were separate actions. It is not enough that the evidence might support some verdict and judgment, but it must be sufficient to support the particular verdict and judgment rendered. *King v. C. C. Bendel Comm. Co.,* 7 Colo. App. 507, 44 Pac. 377; *Meyer v. Shamp,* 51 Neb. 424, 71 N. W. 57." (*King v. Beaumier,* 26 Wyo. 35, 174 Pac. 612.)

A verdict is a unit, and where several issues have been submitted to a jury for trial, if a fatal error is committed as to any issue, the verdict cannot stand. (*Pittsburg C. C. & St. L. Ry. Co. v. Gage,* 286 Ill. 213, 121 N. E. 582.)

In view of the fact that this cause under certain contingencies may be retried, the court will not comment upon the weight or sufficiency of the evidence.

In paragraph 8 of appellant's answer to respondent's second cause of action, it is admitted that the reasonable rental value of the land amounted to $597.50. The verdict was for the total sum of $702, apportioned to the various years as hereinabove set forth. Excluding from the verdict the amounts found for the years prior to 1915, there remains a balance of $700. Since the above instructions held to be erroneous could have affected the jury only in their findings as to the amounts for the years prior to 1915, it would appear proper to sustain the verdict for the amount admitted by the answer, to wit, $597.50.

The judgment of the trial court is therefore affirmed in the amount of $597.50, provided the respondent, within thirty days from the receipt of the *remittitur* by the clerk of the trial court, files his written consent to the acceptance of such reduced amount. Otherwise the judgment of the trial court is reversed and the cause remanded, with instructions to sustain the demurrer, allowing respondent to amend, and to grant a new trial.

McCarthy, Dunn and William A. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion has been examined, and is hereby adopted in whole as the opinion of the court. Costs awarded to appellant.

Petition for rehearing denied.